BUFORD & Co. *v.* STROTHER & CONKLIN.

JOHN DERE & Co. *v.* STROTHER & E. CONKLIN.

BOYD, Adm'r, etc., *v.* BRADISH and another.

*(Circuit Court, D. Iowa.* November Term, 1881. )

1. REMOVAL OF CAUSE AFTER JUDGMENT.

Where a supplemental proceeding is a mere mode of execution or relief inseparably connected with the original judgment or decree, it cannot be removed, although some new controversy or issue between plaintiff in the original action and a new party may arise out of the proceeding. But where such proceeding is not a mere mode of execution or relief, but involves an independent controversy with a new or different party, it may be removed into the federal court.

2. SAME—CAUSE, WHEN REMANDED.

Where the plaintiff in a suit in a state court obtained judgment against the defendant, garnished certain parties, and, after taking issue upon the answer of the garnishees, removed the issues thus made to the circuit court of the United States, *held,* on motion by the original defendant and the garnishees to remand the cause, that the motion be maintained, on the ground that the proceedings are a mere mode of execution or relief, inseparably connected with the original judgment.

3. SAME—MOTION TO REMAND, WHEN DENIED.

In an action in the state court against a corporation, incorporated under the laws of the state of Iowa, the plaintiff obtained judgment, and, upon a return of the execution unsatisfied, he proceeded against certain stockholders in the corporation under the provisions of chapter 181, title 9, of the state court, and removed these proceedings into the circuit court of the United States. *Held,* on motion to remand, that the motion be denied, on the ground that such proceedings involve an independent controversy with new parties, against whom the plaintiff seeks to establish a new liability.

Motion to Remand.

*Reed & Marsh* and *Willett & Willett,* for the motion.

*Martin, Murphy & Lynch* and *Brown & Wellington, contra.*

LOVE, D. J.   The foregoing cases are now before us upon motions to remand the same to the state courts from which they were brought into this court. The motions to remand are all placed by counsel upon the same general grounds. It is insisted as to each of these cases that it is a proceeding supplemental to the original cause out of which it grew, and being a mere *appendage* to the judgment rendered in the original case it cannot be separated from the same and brought for adjudication here. These several motions may therefore be considered together.

There is no question of jurisdiction in any of these cases, as far as citizenship and the amount involved are concerned.

The first two causes are proceedings by garnishment. The plaintiffs in these cases obtained judgments against the defendants in the state court, caused certain parties to be garnished, and having taken issue upon the answers of the garnishees, the plaintiff removed the issues thus made for determination into this court. The original defendant and the garnishees now move to remand.

In the third case the plaintiff, a citizen of Wisconsin, obtained a judgment in the state court against an Iowa corporation, and having failed to obtain satisfaction of the judgment he seeks by this action to make the present defendants, who are stockholders in the corporation, liable, in pursuance of chapter 181, title 9, of the Code of Iowa. The plaintiff in the present action against the defendants, one of whom is a director and the other a stockholder in the corporation, sets out his judgment and the return of execution *nulla bona;* charges the defendants with certain alleged frauds to his injury within the provisions of the statute; and prays judgment for his damages. The plaintiff caused the proceedings against the stockholders to be removed into this court. The defendants move to remand to the state court.

What is the true principle applicable to this class of removal cases ? By what rule or criterion may we determine whether or not a proceeding which is merely auxiliary to the main judgment or decree may be transferred from the state to the federal court ? It is idle to say that a supplemental proceeding cannot be removed because it is an appendage or sequence of the original suit. This is, at best, but reasoning in a circle. It is as if one were to affirm that a supplemental proceeding cannot be removed because it is a supplemental proceeding. It is, in fact, substituting one form of words for another form of words. We must, if possible, find some other principle to guide our judgment in such cases. It seems to me that the true principle is this: Where the supplemental proceeding is in its character a mere mode of execution or of relief, inseparably connected with the original judgment or decree, it cannot be removed, notwithstanding the fact that some new controversy or issue between the plaintiff in the original action and a new party may arise out of the proceeding. But where the supplemental proceeding is not merely a mode of execution or relief, but where it, in fact, involves an independent controversy with some new and different party, it may be removed into the federal court; always, of course, assuming that

otherwise the proper jurisdictional facts exist. Every court must, in the nature of things, have the right, as well as the power, to carry its own judgments into execution. To take from any court the prerogative of executing its own judgments by proper process or by supplemental proceedings, when necessary, would be to cripple its jurisdiction in a most essential matter. It would, therefore, be difficult to persuade us that congress meant by the provision in the act of 1875 for the removal of "suits of a civil nature" to authorize the transfer of controversies growing out of mere modes of execution and relief, thus directly interfering with the state courts in the execution of their own judgments. It is not in this sense that the words "suits of a civil nature" are ordinarily used.

Now, the process of garnishment after judgment is clearly a mode of *execution.* Its purpose is to obtain satisfaction of the judgment out of the debtor's effects which may be in a third person's hands. The garnishment, therefore, is inseparably connected with the judgment. If money is realized it is to be applied to the satisfaction of the judgment. Suppose that an issue, taken upon the garnishee's answer, should be removed to the federal court, (the original case remaining, as it must remain, in the state court,) and suppose the federal court should deliver judgment against the garnishee, and by execution or otherwise the money should be collected, how could the federal court enter satisfaction, the judgment not being under its control? We see in this the embarrassment that must arise from the attempt to separate the garnishment proceeding from the judgment, the latter remaining in one court and the former carried to another and different court.

This branch of the rule is clearly illustrated by the case of *Webber* v. *Humphreys,* 5 Dillon, 223. The motion in that case was manifestly a mode of execution. The plaintiff had a judgment against a Missouri corporation, and the statute of Missouri provided substantially that upon a return of *nulla bona* the judgment creditor might, by motion, with due notice, obtain an order from the court for execution against a stockholder to an amount equal to the balance of his unpaid stock. Here the unpaid stock is treated as assets belonging to the corporation, and the statute provides the judgment creditor with a mode of execution to reach such assets. It was held by the circuit court for the district of Missouri that the motion could not be transferred from the state to the federal court, notwithstanding the fact that there was a new controversy between the plaintiff and a new and different party.

The other branch of the rule, that there can be no removal where the supplemental proceeding is a mode of *relief* inseparably connected with the original judgment, is illustrated by the case of *Chapman* v. *Barger*, 4 Dillon, 557. In this case it was held that the proceeding under the occupying claimant law, for the value of improvements after judgment in ejectment, cannot be removed to the federal court. In this class of cases the statute of Iowa provides a mode of relief after judgment for the occupying claimant. Upon the filing of his petition the execution of the original judgment is to be suspended. The value of the improvements is to be ascertained, and also the value of the land aside from the improvements. The plaintiff in the main action may thereupon pay the appraised value of the improvements and take the property. If the plaintiff fail to do this after a reasonable time to be fixed by the court, the defendant may take the property upon paying the value of the land aside from the improvements, etc. Now it is obvious that this relief is inseparably connected with the judgment in the main action. A court not having the judgment in the main action under its control, could not give to the parties the full measure of relief provided by the statute; for supposing the owner of the land should pay for the improvements, he would be entitled to an execution to put him in possession of the property, and a writ of possession could issue only upon the judgment in ejectment.

It is obvious, therefore, that the motion to remand the first two cases above named must be sustained.

As to the third case, it stands upon wholly different ground. The proceeding in this case is not in any sense a mode of execution or relief after judgment. It does not aim to reach assets of the corporation in the hands of a stockholder or director. It seeks no relief which is inseparably connected with the judgment against the corporation. The plaintiff in his petition charges the defendants, as stockholders and directors of the corporation, with certain fraudulent acts and representations within the terms of the 1071st section of the Code of Iowa, and prays judgment for damages as provided for in that section. The section is as follows:

"Intentional fraud, in failing to comply substantially with the articles of incorporation, or in deceiving the public or individuals in relation to their means or their liabilities, shall subject those guilty thereof to fine and imprisonment, or both, at the discretion of the court. Any person who has sustained injury from such fraud may recover damages therefor against those participating in such fraud."

Here is a distinct and independent cause of action given by the last clause of the section. The plaintiff's allegations are founded upon facts which he claims bring him within the terms of this section. The gravamen of his action is fraud, and he prays judgment for damages. It may have been necessary for him to set out the judgment and show that an execution has been returned unsatisfied, to meet the conditions of the 1083d section, but the judgment is not the foundation of his action. He has a controversy with new parties distinct from that upon which the judgment was rendered. He seeks to establish a new liability against these new parties.

It is further argued by defendant that this action cannot be maintained here because it is in the nature of an action to enforce a statutory penalty. To this the answer is that it is not an action to recover penalties, but unliquidated damages. It is a civil, not a penal action. Its object is not punishment, but indemnity for a civil injury. It is to no purpose to say that the same section of the statutes provides for the punishment of the offence committed by the defendants as a crime. It is not unusual for the same statute thus to provide for indemnity by civil action to the individual injured, and protection to the public by penal action and indictment.

The motion to remand in this case is denied.

NOTE. Proceedings in garnishment process are ancillary to the main suit, and they cannot be removed after judgment. *Pratt* v. *Albright*, 9 FED. REP. 634.—[ED.