UNIVERSAL SURETY COMPANY, a Corporation, Plaintiff,

v.

The MANHATTAN FIRE & MARINE INSURANCE CO., a Corporation, and Northwestern Bell Telephone Co., a Corporation, Defendants.

Civ. 1128.

United States District Court
D. South Dakota, S. D.

Jan. 15, 1958.

---

Chandler L. Beach, of Royhl, Benson & Beach, Huron, S. D., for plaintiff.

Ellsworth E. Evans and Carleton R. Hoy, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., for defendant Manhattan Fire & Marine Ins. Co.

William S. Churchill, of Churchill, Churchill & Sauer, Huron, S. D., for defendant Northwestern Bell Tel. Co.

MICKELSON, Chief Judge.

The issue for determination is whether there has been an improvident removal of this case from the Circuit Court of Beadle County, South Dakota, to this

court. The matter has been brought before us on the motion of the plaintiff, Universal Surety Company, to remand the case to the state court.

The case is a declaratory judgment action brought by the plaintiff, a citizen of Nebraska, in a South Dakota state court against the defendants, Northwestern Bell Telephone Company, a citizen of Iowa, and The Manhattan Fire & Marine Insurance Company, a citizen of New York. Service was obtained on both defendants in the state court, and shortly thereafter, upon the petition of the defendant insurance company, the suit was removed to this court. The defendant telephone company did not join in the petition for removal or file any consent to the same, and the statutory time for action on its part has elapsed. Because of the failure of both defendants to join in the petition for removal, the plaintiff contends it is entitled to have the case remanded to the state court.

The nature of this action is disclosed by the following allegations of plaintiff's complaint: that plaintiff is the surety for one Jerry Limoges for the performance of his part of a certain garage building construction contract entered into between Limoges and the defendant telephone company; that by the terms of this construction contract the defendant telephone company was obliged to maintain certain insurance coverage on the garage during the construction period and that it failed to do so or to so notify Limoges of such failure; that Limoges also entered into a contract of insurance with the defendant insurance company for certain insurance coverage on the garage; that the garage, in a partially completed state, was damaged within the scope of insurance coverage contemplated by both contracts, and that plaintiff, as surety of Limoges, reconstructed the structure to the same partially completed state, all to its damage; that both defendants, upon timely demand, have refused to pay for this loss; and that plaintiff is now the assignee of all the rights that Limoges had under the insurance contract. Plaintiff prays for a declaration of the rights and obligations of the parties under the contracts, including a declaration that either or both of the defendants are indebted to the plaintiff for the amount which the court determines is the loss suffered by plaintiff in reconstructing the garage.

■ In considering this motion certain fundamental principles of law must be kept in mind. Since removal is effected entirely by ex parte procedure, the court, on a timely motion to remand, will give no weight to the fact that a case has already been removed to the federal court, but will concern itself only with whether there has been a valid removal. 28 U.S.C. § 1447(c), 1952 ed. The right of removal is purely statutory. Great Northern Ry. Co. v. Alexander, 1918, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713. Removal statutes must be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 1941, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214; Hoyt v. Sears, Roebuck & Co., 9 Cir., 1942, 130 F.2d 636. It was the intention of Congress in the passage of the most recent removal legislation to abridge the right of removal. American Fire & Casualty Co. v. Finn, 1951, 341 U.S. 6, 10, 71 S.Ct. 534, 95 L. Ed. 702. All doubts raised by the question of removability should be resolved in favor of state court jurisdiction. Greenshields v. Warren Petroleum Corp., 10 Cir., 1957, 248 F.2d 61, 65.

It is admitted by the parties herein that the right to removal in this case must lie within the confines of 28 U.S.C. § 1441, 1952 ed., which states as follows:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, trea-

ties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

If this suit involved merely a simple claim of joint liability against the defendants, there could be little doubt but that the failure of one co-defendant to join in the petition for removal would be fatal; for our superior courts many years ago stated that in joint actions against several defendants, all defendants who have been served with process must join in the petition for removal except where there is a separable controversy. Chicago, R. I. & P. Ry. Co. v. Martin, 1900, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055; Wright v. Missouri Pac. R. Co., 8 Cir., 1938, 98 F.2d 34. However, here a question arises because it might plausably be held that the present suit involves separable controversies as that term has become known in the law of removal. Pullman Co. v. Jenkins, 1939, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334; Fraser v. Jennison, 1882, 106 U.S. 191, 1 S.Ct. 171, 27 L.Ed. 131. If it were so held the defendant insurance company would have effected a valid removal under the removal law which was applicable prior to 1948. The pertinent statute is the third sentence of Section 71 of 28 U.S.C., 1946 ed., which states:

"And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district."

One feature of this part of the old Section 71 was to provide an exception to the general proposition, which was enunciated in the other parts of that section, that only the "defendant or defendants" could remove; for this was the only part of the removal statutes which allowed "one or more of the defendants" to remove. If there were no "separable controversy", one of several defendants could not remove by himself. Chicago, R. I. & P. Ry. Co. v. Martin, supra [178 U.S. 245, 20 S.Ct. 855]. One further feature of the "separable controversy" provision, of course, was to allow removal of an entire lawsuit even though it involved a defendant who was a citizen of the state in which the suit was brought, wherever it also involved a "separable controversy" wholly between citizens of different states. Barney v. Latham, 1880, 103 U.S. 205, 26 L.Ed. 514; Des Moines Elevator & Grain Co. v. Underwriters' Grain Ass'n., 8 Cir., 1933, 63 F.2d 103.

■■ Because of certain difficulties which arose in the application of this part of the old Section 71, Congress, in its 1948 revision of the laws relating to judicial procedure, adopted 28 U.S.C. § 1441(c), 1952 ed., in lieu of the former "separable controversy" provision. American Fire & Casualty Co. v. Finn, supra. The Supreme Court stated in the Finn case that one of the main purposes of the revision of this part of the removal law was to limit removal from state courts. One aspect of how this purpose of the revision has been carried out is carefully explained in the Finn case, namely, the narrowing of the "separable controversy" test to the requirement of "separate and independent claim or cause of action". [341 U.S. 6, 71 S.Ct.

538.] Although not pointed out in the Finn case because the situation there did not require it, it clearly appears that there are two further aspects by which the purpose of Congress to limit removal has been carried out by Section 1441(c). In the first instance, the provision that "one or more of the defendants" may remove has been eliminated, and it is now necessary that all of the defendants who are indispensable parties to a cause of action by which a lawsuit may be removed under Section 1441(c) must join in the petition for removal. Board of Directors of Crawford County Levee Dist. v. Whiteside, D.C.W.D.Ark.1949, 87 F.Supp. 69; State of Colorado ex rel. Land Acquisition Comm. v. American Machine & Foundry Co., D.C.Colo.1956, 143 F.Supp. 703. Secondly, the new section provides that a case may be removed on the grounds of containing a separate and independent claim or cause of action which would be removable if sued upon alone only when such a claim or cause of action is joined with one or more "otherwise non-removable" claims or causes of action. But that is a situation we do not have in the case at bar. Whether or not a claim is non-removable within the meaning of the statute necessarily refers to the question of removability if such claim were sued upon alone. In the instant case there is complete diversity of citizenship of the parties, and if either of the defendants were sued alone, either of them could have removed the case to the federal court. Congress, in qualifying the removal rights under Section 1441(c), could have said "whether removable or not" in reference to the cause of action with which the originally removable cause of action is joined, or any other words to a similar effect could have been used to signify that it was not the Congressional intention to change the old law in this respect. But Congress did not do so, and in view of its general intention to limit removal, we can only feel that it was its intention not to allow removal under Section (c) of such a case as is before us. While there is a multitude of case law construing and applying Section (c), we have found no decisions which uphold removal in a case such as this. We conclude, therefore, that the decisions prior to 1948 which allowed removal on the grounds of the "separable controversy" statute are no longer applicable in that respect, American Fire & Casualty Co. v. Finn, supra; and that the statute in its revised form, the new Section 1441(c), does not contemplate removal under its provisions in a case such as the instant one.

The foregoing considerations of Section 1441(c) and its predecessor statute, the "separable controversy" provision of old Section 71, have been indulged in chiefly for the background information involved, for we further believe that under the authority of the Finn case, we would not be justified in treating the suit here as containing separate and independent causes of action. American Fire & Casualty Co. v. Finn, supra, 341 U.S. at pages 13, 14, 71 S.Ct. at pages 539, 540.

Having seen that Section (c) of the removal law, 28 U.S.C. § 1441, 1952 ed., is not applicable to our situation here, we turn to Sections (a) and (b), which, taken together, embody substantially all of the first two sentences of the old Section 71. The pertinent phrase under both the old and the new sections is that "the defendant or defendants" may remove. As we have previously stated, this phrase had been interpreted under the old Section 71 as meaning that all the defendants must join in the petition for removal, with the sole exception of a "separable controversy" where another part of Section 71 was then applicable. Chicago, R. I. & P. Ry. Co. v. Martin, supra. Since the "separable controversy" provision remains a part of the removal law only in the more limited form of Section 1441(c), would this court, as counsel for the defendant insurance company argues, have any basis for reading into Sections (a) and (b) a part of the old "separable controversy" provision which would allow removal in a case such as the instant one? We believe not, and in the light of the principles of law laid down at the beginning of this opinion and the absence

of any persuasive authority whatsoever, we decline to do so. Since this case could have been brought in this court in the first instance, we simply have a situation where the removal jurisdiction of the federal court is narrower than its original jurisdiction. Monroe v. United Carbon Co., 5 Cir., 1952, 196 F.2d 455. If such a situation as the present one creates any inequities among litigants, it is up to Congress to rectify the same.

The only remaining point is whether a stipulation, entered into by the attorneys for the plaintiff surety company and the defendant insurance company in a companion case brought by the same plaintiff against the same defendant insurance company only and which was also removed to this court, agreeing to a postponement of trial in that case until entry of judgment in the present case, constituted a waiver on the part of the plaintiff to any objection to the removal of the instant case. The defendant insurance company relies on Donahue v. Warner Bros. Pictures, 10 Cir., 1952, 194 F.2d 6, wherein it was held that the failure of the plaintiffs to object to removal until after they had filed an amended complaint in the federal court, constituted an acquiescence by the plaintiffs in the jurisdiction of the federal court barring them from any right to have the case remanded. We believe the Donahue case presents a much stronger proposition in favor of waiver with its amended complaint than does the instant case with the mentioned stipulation, and we would not be justified in ruling against the plaintiff here on the basis of that decision. The stipulation in question here was merely a matter of convenience between the parties and is not even a part of the record of this case. It can in no way bar the plaintiff's rights to have the case remanded to the forum of his choice.

Because of the failure of both defendants to join in this petition of removal, we, therefore, grant the motion to remand, and the case will be remanded to the Circuit Court of Beadle County, South Dakota.