**The PORT OF NEW YORK AUTHOR-ITY, Plaintiff,**

**v.**

**EASTERN AIR LINES, INC., Trans World Airlines, Inc., and United Air Lines, Inc., Defendants.**

**No. 66–C–867.**

United States District Court
E. D. New York.

Sept. 30, 1966.

Sidney Goldstein, New York City, for plaintiff, Joseph Lesser, Isobel E. Muirhead, New York City, of counsel.

Cleary, Gottlieb, Steen & Hamilton, New York City, for defendant, United Air Lines, Inc., Fowler Hamilton, George Weisz, New York City, of counsel.

BARTELS, District Judge.

The Port of New York Authority, a citizen of New York, commenced this action in the Supreme Court of the State of New York against Eastern Air Lines, Inc. (Eastern), Trans World Airlines, Inc. (TWA), and United Air Lines, Inc. (United), seeking a permanent injunction against each defendant from violating certain rules and regulations adopted by Port Authority concerning the use by jet airplanes of certain runways at LaGuardia Airport, upon the ground that each of the Airlines by its unauthorized use of said runways, was guilty of repeated trespasses against Port Authority property.

On August 25, 1966 a temporary restraining order was granted by the State court *ex parte* which, pursuant to a stipulation, has been extended against Eastern and TWA until November 15, 1966, after which date the whole question will become moot because the Port Authority has agreed to voluntarily discontinue the action against those defendants on November 16, 1966. United did not agree to the stipulation and on September 7, 1966 removed the case to this Court purportedly in compliance with 28 U.S.C.A. § 1441(c). The complete section reads as follows:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the disrict court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

I

■ Port Authority seeks to remand the action to the State court upon the grounds that (1) the separate and independent claim or cause of action against United is not in the language of 28 U.S. C.A. § 1441(c) "joined with one or more otherwise non-removable claims or causes of action", and (2) neither Eastern nor TWA joined in the removal petition. At the outset it is necessary to determine a question of fact since United claims that TWA has its principal place of business in New York and therefore must be considered a New York citizen for diversity purposes, thus converting the claim against TWA into a non-removable one. Although this contention is contrary to the finding of fact in Clothier v. United Air Lines, Inc., E.D.N.Y.1961, 196 F. Supp. 435, United argues that due to certain changes in TWA's operations

which took place in 1964, that case is no longer controlling.

The affidavit and testimony of Ronald Duckworth, secretary of TWA, and the affidavit of Charles C. Tillinghast, Jr., president of TWA, assert that the principal place of business of TWA is in the City and State of New York. In support thereof Ronald Duckworth states in his affidavit and repeated in his testimony, among other things, that in 1964 many of the executives previously located in Kansas City, Missouri, were transferred to New York City; that at the present time 14 of TWA's 16 corporate officers are located in New York City; that since 1964 most of the Transportation Division Headquarters staff has been transferred from Kansas City to New York City; that, among other things, the president, secretary, treasurer, and the management policy committee have their offices in New York, and that in addition to the change in location of the Transportation Division Headquarters staff in 1964, part of the Cash Control Section, part of the Industrial Relations Department, the Tax Department, the Contracts Administration, and the Properties and Facilities Department were also transferred from Kansas City to New York in 1964, and that out of 33,890 employees, 8,600 are employed in Kansas City and 6,908 are now employed in New York. He further testified that as a result of the changes "the management and operating control of the corporation is now centered at its executive offices in New York City". To this Court it is clear that today the principal place of business of TWA is located in New York City, due to the changes which took place in 1964. Consequently the Court finds that the claim against United is joined with a non-removable cause of action against TWA.

## II

■ Even if the cause of action against TWA is non-removable, the Port Authority argues that before the action can be properly removed, Section 1441(c) requires the joinder in the removal petition of the other removable claim which in this case is the claim against Eastern, and it cites Universal Surety Co. v. Manhattan Fire & Marine Insurance Co., D.S.D.1958, 157 F.Supp. 606, in support of its position. It adds that any question upon this score must be resolved in its favor. There is no doubt that the "policy of the successive acts of Congress" relating to removal "is one calling for the strict construction of such legislation", Shamrock Oil & Gas Corp. v. Sheets, 1941, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214. The application of this principle, however, does not justify a distortion of the congressional purpose in the enactment in 1948 of 28 U.S.C.A. § 1441(c), which in fact, was a revision of the former 28 U.S.C.A. § 71. Before the revision, Section 71 provided that either one or more defendants interested in a controversy wholly between citizens of different States, could remove the cause if the controversy between that defendant or defendants was "separable". Under this concept a suit covering multiple parties, based upon a single cause of action, might contain separable controversies and thus permit the removal of the entire suit. The 1948 amendment of Section 1441(c) no longer permits such removal by reason of a separable controversy between citizens of different States unless the controversy also constitutes a separate and independent claim or cause of action. In this respect removal from State courts was clearly limited.[1]

■ Subdivision (a) remains unchanged and refers, as heretofore, to suits involving multiple parties predicated upon a single cause of action as well as separate and independent claims or causes of action not joined to non-removable causes. There is nothing in the wording or interpretation of subdivision (a) or in the wording of subdivision (c) indicating that Congress intended by the enactment of subdivision (c) to sub-

---

1. Revisers' note, 28 U.S.C.A. § 1441; see, American Fire & Casualty Co. v. Finn, 1951, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702.

ject that subdivision to the requirements of subdivision (a). The two subdivisions refer to two completely different situations. The only requirement is that the claim or cause of action be "separate and independent" and "removable if sued upon alone". Such separate and independent claims are somewhat of a rarity but they admittedly exist in this case. It is true that the removal of "the entire case", as authorized by subdivision (c), may also carry with it other non-joining removable claims as well as non-removable claims.[2]

 Port Authority argues that subdivision (a) requires the joinder of all defendants upon removal of two or more separate removable claims not joined to a non-removable claim and that accordingly it is anomalous not to require the joinder to removal of all removable separate and independent claims under subdivision (c). No authority is cited in support of the Port Authority's interpretation of subdivision (a) and, to say the least, this construction is open to question. Even if such joinder were required under subdivision (a), it would not follow that such joinder would also be required under subdivision (c). If, however, the right of removal is to have substance, it should not be defeated by the joinder in the same suit of other removable claims and the failure of the other removable defendants to exercise their right to remove. While the right to remove is a restrictive privilege, it is a valuable right and on balance its protection is more important than any inconvenience that might be occasioned to a non-joining removable defendant who could have been originally sued in the district court. An analogy may be drawn from the fact that under the old Section 71 the entire case was removable by one defendant when there was a separable controversy between citizens of two different States without the joinder of the other defendants.[3]

Universal Surety Co., supra, does not contradict this conclusion. In that case a separate and independent removable claim was not joined with a non-removable claim. It was not contended that separate and independent removable claims were involved but, on the contrary, there was only one actionable wrong entitling the plaintiff to recovery against two parties. Consequently the case had to be remanded because of the failure of both defendants to join in the petition for removal. One of the defendants argued that the claim involved "separable controversies", and that Section 1441(c) should be interpreted to permit removal of the entire case by the petition of only one of the defendants. This the court refused to do and rightfully so. The court added that there was no basis for reading into subdivisions (a) and (b) of Section 1441 the "separable controversy" exception of the old Section 71.

The Court concludes therefore that the entire case, including the removable separate and independent claims as well as the non-removable claim, has been removed to this Court by United, and that the plaintiff's motion to remand the case to the Supreme Court of the State of New York must be and is hereby denied.

Settle order within five (5) days on two (2) days' notice.

---

2. Subdivision (c) states that the entire case "may" be removed, from which it has been suggested that the Court may remove only that claim sought to be removed. While this may be a logical solution, the Court does not find such authority in the wording of the subdivision.

3. See, Barney v. Latham, 1880, 103 U.S. 205, 26 L.Ed. 514.