Marguerite Lovelett NOWELL

v.

Ames NOWELL, Individually and as Trustee, and National Shawmut Bank of Boston, Trustee, and Lawrence Ames Nowell, Trustee, Anna Lee Ames Nowell Trust.

Civ. No. 11906.

United States District Court
D. Connecticut.

June 5, 1967.

A. Reynolds Gordon, Bridgeport, Conn., for plaintiff.

Peter M. Ryan, Robert M. McAnerney, Darien, Conn., Edgar W. Bassick, III, Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., for defendant.

## RULING ON MOTION TO REMAND

BLUMENFELD, District Judge.

This removed action began with a state court complaint by Marguerite Lovelett Nowell against Ames Nowell individually, and against Ames Nowell, National Shawmut Bank of Boston and Lawrence Ames Nowell, as co-trustees of a trust for the benefit of Ames Nowell. At the time of the commencement of this action and at the time of filing the petition for removal of this suit the plaintiff was a resident of Connecticut and the defendants were not.[1] The action arises out of the failure of the defendant Ames Nowell to comply with orders of the Superior Court entered in an earlier action brought by the plaintiff in January 1963 which sought divorce and alimony against him.

The present suit alleges that Ames Nowell has violated those orders by failing to pay alimony pendente appeal and counsel fees to defend on appeal amounting in all to $19,200. In addition to these amounts, the plaintiff seeks damages resulting from the defendant's failure to pay in compliance with those orders and the secretion by him of his assets. This additional damage claim would seem to be in the nature of a penalty for violation of the state court orders.[2] The status of the appeal is not spelled out.

The claim against the three co-trustees is in the nature of a creditors bill.

It is alleged that they hold assets in trust for the benefit of Ames Nowell, and the plaintiff seeks to obtain payment of the $19,200 out of those assets.

The petition which effected the removal of this suit was filed only by Ames Nowell and is signed by his attorneys. Whether it was filed within thirty days as required by 28 U.S.C. § 1446(b) depends upon whether Nowell's attorneys had authority to accept service in his behalf at the time they received a copy of the complaint. In view of the disposition on this motion to remand, resolution of that disputed question is not necessary.

### I.

The plaintiff moves to remand to the state court on the additional ground that the three trustees were not parties to the petition for removal. It is well settled that all defendants must join in the petition for removal. Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); Gableman v. Peoria D. & E. Ry., 179 U.S. 335, 337, 21 S.Ct. 171, 45 L.Ed. 220 (1900); Heatherington v. Allied Van Lines, Inc., 194 F.Supp. 6 (W.D.S.C.1961); 1A J. Moore, Federal Practice, ¶ 0.168[3.–2], pp. 1171, 1175 (2d ed. 1961). But Nowell contends that under 28 U.S.C. § 1441(c) if a suit against several defendants contains an independent claim or cause of action of which a federal district court would have original jurisdiction which is joined with another claim or cause of action against other defendants, only the defendant involved in the removable claim need petition. See Board of Directors of Crawford County Levee Dist. v. Whiteside, 87 F.Supp. 69, 71–72 (W.D.Ark.1949); Heatherington v. Allied Van Lines, Inc., *supra* 194 F.Supp. at 7. 28 U.S.C. § 1441 (c) provides:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is

---

1. Gibson v. Bruce, 108 U.S. 561, 2 S.Ct. 873, 27 L.Ed. 825 (1883).

2. Penal actions are not removable. City of Montgomery v. Postal Tel.-Cable Co., 218 F. 471, 474–476 (D.C.1914).

joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

To be removable, these conditions must be present. The claim against Nowell must be: (1) a separate and independent cause of action; (2) removable if sued upon alone; and (3) joined with an otherwise nonremovable claim or cause of action. Let us look at each of these.

## II.

■ Assuming arguendo the claim against him in his individual capacity is "separate and independent" from the creditors bill against the three co-trustees,[3] reference to subsection (a) of § 1441 reveals that removability is keyed to original jurisdiction of the district courts. The applicable statute which confers original jurisdiction is § 1332. It requires that diversity of citizenship and more than $10,000 in controversy must be present.[4] Even if the portion of the claim for damages by way of penalty based on Nowell's willful violation of orders of the state court is disregarded, the specifically ordered payments amount to more than $10,000. This is sufficient to establish the existence of the requisite amount in controversy between the plaintiff and Nowell. Diversity of citizenship is also present. The suit would be removable if Nowell were sued alone.

While § 1441(c) provides for removal on a somewhat broader basis than original jurisdiction by permitting removal of the entire case when other claims or causes of action are joined with a "separate and independent claim or cause of action, which would be removable if sued upon alone," it is confined to cases where the joined claims are "otherwise non-

removable." This is a direct qualification which may hardly be ignored.

■ Removal statutes are to be strictly construed, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), and § 1441(c) is a manifestation of "the intention of Congress to restrict the right of removal." American Fire & Cas. Co. v. Finn, 341 U.S. 6, 16, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Thus, it would seem paradoxical to require less for removal by a defendant of an otherwise removable claim which is joined to a "separate and independent" removable claim than is required from all joint defendants of a single removable claim. Where the joined claim is removable it has been held that all defendants must join in the petition for removal. Universal Surety Co. v. Manhattan Fire & Marine Ins. Co., 157 F.Supp. 606 (D.S.D.1958) (alternative holding). Professor Moore takes precisely the same view, "But if there are two separate and independent claims and both such claims are removable, then all the defendants to both claims must seek removal." 1A J. Moore, Federal Practice, ¶ 0.168[3.–2], p. 1175 (2d ed. 1961). The contrary result reached judicially in Port of N. Y. Authority v. Eastern Air Lines, Inc., 259 F.Supp. 142 (E.D.N.Y.1966), is in accord with the recommendation for future legislative action to provide that all defendants should not be required to join in a petition for removal. See American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts, Proposed Final Draft No. 1. § 1304(b), p. 16 and Commentary pp. 84–90 (1965). But since removal is entirely statutory, I feel compelled to abide by the existing provisions until Congress amends them. The result reached is not anomalous. What may be removed under § 1441 and the steps to accomplish

---

3. The question whether the claim against Nowell is "separate and independent" is examined in part III of this opinion.

4. Section 1441(b) which conditions removal in a nonfederal question case on

the fact that no defendant is a citizen of the state where the action is brought does not come into play since none of the defendants are citizens of Connecticut.

removal under § 1446 are two different problems. Since perfect diversity is present in the claim of the plaintiff against the three co-trustees, their failure to join in the petition for removal requires that this case be remanded.

### III.

Furthermore, the claim against Nowell is not a separate and independent claim or cause of action because "there is a single wrong to plaintiff, for which relief is sought * * *." American Fire & Cas. Co. v. Finn, *supra,* 341 U.S. at 14, 71 S.Ct. at 540. There is but one wrong to the plaintiff here. However many avenues she may pursue in her attempt to reach assets of Nowell, the fundamental nature of her claim rests on the obligation of Nowell to pay over to her enough of his assets to satisfy his obligation to provide the plaintiff with the alimony pendente appeal and the allowance for counsel fees on the appeal, ordered by the Superior Court in the earlier divorce case. Since all defendants did not join in the petition for removal of this single claim of the plaintiff, the suit must be remanded.

### IV.

Finally, this suit in its entirety is no more than a proceeding supplemental to the divorce action pending in the state court. Its basis is the alleged violation of orders of a state court sitting in a domestic relations session, where violation of its orders may be redressed by contempt proceedings. A federal court ought not be required to employ contempt power to enforce a state court's orders.

Quite apart from the rule that the whole field of divorce is outside federal jurisdiction, Carqueville v. Woodruff, 153 F.2d 1011, 1012 (6th Cir. 1946), there is respectable authority for the view that proceedings which are ancillary to an action pending in a state court cannot be removed, since it would be both judicially unseemly and uneconomical to have a supplemental proceeding such as this is in a federal court when the principal claim is being litigated in the state court. The orders of the Superior Court imposed obligations only on Nowell—not on the trustees. Long before a joined claim had to meet the rigid requirement of being "separate and independent" in order to permit removability, it was held in a well-reasoned opinion that a supplemental proceeding which was "a mere mode of execution or of relief, inseparably connected with the original judgment or decree * * *" could not be removed. Buford & Co. v. Strother, 10 F. 406, 407–409 (C.C.D. Iowa 1881). Cf. Wright on Federal Courts, pp. 111–112 (1963).

For the foregoing reasons, the 'motion to remand is granted, and the entire case shall be remanded to the Superior Court for Fairfield County.

So ordered.