Dawn **VAN SLAMBROUCK** and Clayton J. Van Slambrouck, Plaintiffs,

v.

**EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, a foreign corporation, and the Black Bros. Co., a foreign corporation, jointly and severally, Defendants.**

Civ. A. No. 39197.

United States District Court,
E. D. Michigan, S. D.

Feb. 15, 1973.

Michael V. Marston, Marston & Marston, Detroit, Mich., for plaintiffs.

John A. Kruse, Harvey, Kruse & Westen, Detroit, Mich., for defendant Employers Mutual Liability Ins. Co. of Wisconsin.

Michael J. Kelly, Kelly & Tatham, Birmingham, Mich., for defendant Black Bros. Co.

## OPINION AND ORDER

FEIKENS, District Judge.

Plaintiffs, Dawn and Clayton J. Van Slambrouck, bring a motion to remand this cause to state court.

This suit was filed on October 24, 1972, in Wayne County Circuit Court. On November 10, 1972, defendant Employers Mutual Liability Insurance Company of Wisconsin [Employers] filed a petition to remove the case to this court. The other defendant, Black Brothers Company [Black Bros.], did not join in the removal petition until December 12, 1972. On December 13, 1972, plaintiffs brought this motion to remand saying the failure of both defendants to timely file is a defect fatal to removal.

Employers resists remand, citing 28 U.S.C. § 1441(c). That section provides:

"Whenever a separate and independent claim or cause of action, which

would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

Employers says that plaintiffs' claims against it and Black Bros. are "separate and independent," and since the claim against Black Bros. is not now removable, this court may remove "the entire case . . . and . . . determine all issues therein."

■ In approaching the instant matter this court takes note of some fundamental principles of the law of removal. Removal is a purely statutory right which is to be strictly construed in view of the congressional policy against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L. Ed. 1214 (1941); Great Northern Ry. Co. v. Alexander, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918). Section 1441(c) was the result of a 1948 amendment aimed at abridging the right of removal. American Fire & Casualty v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

■ It is hornbook law that all defendants must join in a petition for removal. Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900).

> "Defendants . . . are to be treated collectively; and as a general rule, all defendants who may properly join in the removal petition must join. . . . Before the plaintiff's choice of the state forum can be avoided, unanimity among all parties substantively entitled to remove is required.
>
> .   .   .   .   .   .
>
> "[Even] if there are two separate and independent claims [if] both such claims are removable, then all defendants to both claims must seek removal." (1A Moore's Federal Practice, ¶ 0.168 [3.–2], pp. 1171, 1175.

There are two reasons why Employers may not invoke § 1441(c) to perfect removal. First, Congress did not intend the "non-removable" exception of § 1441(c) to apply where a claim was "non-removable" solely because of one defendant's failure to comply with the removal statute and timely join a removal petition. Second, plaintiffs' complaint does not present "separate and independent" claims as against the two defendants.

The issue of "non-removability" within the meaning of § 1441(c) has been considered by a number of courts. In Universal Surety Co. v. Manhattan Fire & Marine Insurance Co., 157 F.Supp. 606 (D.S.D.1958), plaintiff sued two defendants in a declaratory judgment action. Only one defendant brought a timely petition for removal, and plaintiff sought remand. Defendants resisted, citing § 1441(c). The court said:

> "Whether or not a claim is non-removable within the meaning of the statute necessarily refers to the question of removability if such claim were sued upon alone. In the instant case there is complete diversity of citizenship of the parties, and if either of the defendants were sued alone, either of them could have removed the case to the federal court. Congress, in qualifying the removal rights under Section 1441(c), could have said 'whether removable or not' in reference to the cause of action with which the originally removable cause of action is joined, or any other words to a similar effect could have been used to signify that it was not the Congressional intention to change the old law in this respect. But Congress did not do so, and in view of its general intention to limit removal, we can only feel that it was its intention not to allow removal under Section (c) of such a case as is before us." (610).

Accord: P. P. Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co., 395 F.2d 546 (7th Cir. 1968); Nowell v. Nowell, 272 F.Supp. 298 (D.Conn.1967).

This court has found only one case contrary to these authorities: Port of New York Authority v. Eastern Airlines, 259 F.Supp. 142 (S.D.N.Y.1966). But in that case the court emphasized that separate and independent claims were involved, thus distinguishing *Universal Surety Co., supra,* where "there was only one actionable wrong entitling the plaintiff to recovery against two parties." (145 of 259 F.Supp.). Since the instant case does not involve separate and independent claims, *Port of New York Authority, supra,* is in accord with the result reached here.

 Whether this case involves separate and independent claims or causes of action must be determined by examining plaintiffs' complaint. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1937). This court notes that plaintiffs, though expressing their claims in several "counts," nevertheless seek joint and several judgments in all counts. Moreover, the allegedly defective machine which caused plaintiff's injury is central to the averments against both defendants. Absent the purported defect, plaintiffs would have no cause of action against either defendant. In sum, plaintiffs' complaint sets forth but "a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, [thus] there is no separate and independent claim or cause of action." American Fire & Casualty Co. v. Finn, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951).

Plaintiffs' claim against Black Bros. is non-removable solely because Black Bros. failed to comply with a statutory requirement that all defendants file their petition within thirty days of the filing of the complaint. 28 U.S.C. § 1446. Section 1441(c) may not be utilized to circumvent this clear statutory time limitation. The section was designed only to allow removal of an entire case where one of a plaintiff's several claims is non-removable due to non-diversity or lack of a federal question.

Moreover, plaintiffs' complaint does not set forth separate and independent claims against the two defendants in this case. Thus, Employers may not rely on § 1441(c) to secure removal of this case. Accordingly,

It is ordered that plaintiffs' motion to remand be, and the same is, hereby granted.