**Wiley Arnold BULL, Plaintiff,**

**v.**

**BIG THREE, INCORPORATED, a corporation, et al., Defendants,**

**and**

**Bankers & Shippers Insurance Company of New York, a foreign insurance corporation, Third-Party-Defendant.**

**Civ. No. 74-77.**

United States District Court,
E. D. Oklahoma.

June 28, 1974.

Albert R. Matthews, Bonds, Matthews, Bonds & Cartwright, Muskogee, Okl., for plaintiff.

Andrew Wilcoven, Muskogee, Okl., for Big Three, Inc., and Delson Hill.

Thomas L. Palmer, Tulsa, Okl., for Southern Farm Bureau Casualty Ins. Co.

John H. Tucker, Tulsa, Okl., for Royal Globe Ins. Co.

Andrew Wilcoxen, Muskogee, Okl., for Bankers & Shippers Ins. Co. of New York.

## ORDER REMANDING CASE

MORRIS, District Judge.

This case was originally brought in state court by the plaintiff Bull against Big Three, Inc., and Hill seeking damages for personal injuries suffered by plaintiff in an automobile accident involving plaintiff and Hill. Big Three, Inc., was alleged to be the owner of the truck driven by Hill.

Defendants Hill and Big Three, Inc., filed their petition for removal based on diversity of citizenship and an amount in controversy exceeding $10,000. That case was numbered 73–301. The Honorable Fred Daugherty issued an order remanding the case to state court on January 11, 1974, on the grounds that the attempted removal was not brought within the 30 day time limit as provided in 28 U.S.C. § 1446(b).

Subsequently, in state court, plaintiff's motion to add the defendants Royal Globe Insurance Company and Southern Farm Bureau Casualty Insurance Company was granted. The defendant insurance companies then within 30 days after being joined as defendants, filed their petition for removal to this court, asserting diversity of citizenship and an amount in controversy exceeding $10,000. The defendants Hill and Big Three, Inc., joined in the petition for removal. That case is numbered 74–77 Civil. The defendant insurance companies also filed answers, counterclaims, cross-claims, and a third party complaint seeking to add Bankers & Shippers Insurance Company of New York as a third party defendant. In their counterclaims and cross-claims defendants ask for a declaratory judgment as to their liability under their respective insurance policies.

Plaintiff has moved to remand the case to the state court asserting that no separate and independent claim or cause of action was asserted by plaintiff when he added the defendant insurance companies. Defendants contend that the court should retain jurisdiction of at least the issues in their counterclaims and cross-claims since these claims amount to separate and independent controversies entitling them to removal under 28 U.S.C. § 1441(c).

Only one cause of action or claim exists here. In American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951) the court concluded "that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." In that case the plaintiff was seeking to recover damages from two different insurance companies and one of their agents. Removal by the insurance companies was denied.

 However, even if defendants have successfully pleaded a separate and independent controversy in their *counterclaims* and *cross-claims*, they are not entitled to removal. "In a removed case where the Court is called upon to determine the existence of a separate and independent controversy under 28 U.S.C. § 1441(c), the Court may look only to the allegations of the State Court plaintiff's petition or complaint by which the action was initiated." Mid-State Homes, Inc. v. Swain, 331 F.Supp. 337 (W.D.Okla. 1971). To interpret § 1441(c) in any other manner would be to allow the defendant to "bootstrap" his way into Federal Court by his own pleadings. This is not the purpose of 28 U.S.C. § 1441.

 In addition, "Congress did not intend the 'non-removable' exception of § 1441(c) to apply where a claim was 'non-removable' solely because of one defendant's failure to comply with the removal statute and timely join a removal petition." Van Slambrouck v. Employers Mutual Liability Insurance Company of Wisconsin, 354 F.Supp. 366 (E.D.Mich. 1973). The requirements of 28 U.S.C. § 1441 are that *all* defendants properly join in a removal petition regardless of whether one defendant is joined by plaintiff after a previous failure of the first defendant to perfect a removal. See Crooker v. A. B. Chance Company, 270 F.Supp. 619 (S.D.Fla.1967) "[Even] if there are two separate and independent claims [if] both such claims are removable, then all defendants to both claims must seek removal." 1A Moore's Federal Practice, par. 0.168[3.–2], pp. 1171, 1175.

 The defendants Hill and Big Three, Inc., did not properly effect their removal and they therefore cannot revive their right to removal by joining Southern Farm Bureau Casualty Insurance Company and Royal Globe Insurance Company in their petition for removal. Since all defendants did not effect a timely removal the case must be remanded.

Defendants cite several cases for the proposition that if a counterclaim or cross-claim is supported by independent grounds for jurisdiction, then the failure of the primary claim on jurisdictional grounds is not fatal to the counterclaim or cross-claim. None of these cases, however, involved jurisdiction by removal. Jurisdiction for cases on removal is governed by 28 U.S.C. § 1441 et seq.

The Motion to Remand is accordingly granted and this case is remanded to the District Court of Muskogee County, Oklahoma, from which it was improvidently removed. The Clerk of the Court will take the necessary action to effect such remand.

Ordered this 28th day of June, 1974.