**MELRU INTERNATIONAL LTD., a Florida Corporation, Plaintiff,**

v.

**FINNSILVER CORPORATION, a Michigan Corporation, et al., Defendants.**

**No. 77–1683–Civ–JLK.**

United States District Court,
S. D. Florida,
Miami Division.

June 22, 1977.

Bill Shuford, Jr., Noriega, Bartel, Chopp, Schatz, Levine & Shuford, Miami, Fla., for plaintiff.

Patricia A. Seitz, Steel, Hector & Davis, Miami, Fla., Edward A. Kaufman, Friedman & Britton, Miami, Fla., for defendants.

ORDER OF REMAND

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon the motion of the plaintiff to remand. The court having considered the record and being fully advised in the premises, finds and concludes that the motion should be granted.

Plaintiff filed this case originally in the 11th Judicial Circuit Court, in and for Dade County, Florida. In his complaint, plaintiff sued Finnsilver Corporation (hereinafter, Finnsilver) in three counts for: goods sold and delivered but unpaid for, tortious breach of contract and fraud, and conversion. Plaintiff also sued the Michigan National Bank of Detroit (hereinafter, the Bank) for breach of a letter of credit.

Finnsilver filed its petition for removal in that court on the jurisdictional basis of diversity of citizenship. 28 U.S.C. § 1441, 28 U.S.C. § 1332. The Bank did not join in the petition for removal.

■ The general rule is that a petition for removal must be signed by all of the defendants. *Gableman v. Peoria, D. & E. Ry. Co.*, 179 U.S. 335, 21 S.Ct. 171, 45 L.Ed. 220 (1900). However, there is an exception to this rule embodied within 28 U.S.C. § 1441(c), and plaintiff urges that this case fits within that exception. The section provides:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

■ Plaintiff and defendant Finnsilver are in disagreement about whether the claims against Finnsilver are "separate and independent" from the claims against the Bank. The court does not have to decide that issue, however, because the claim against Finnsilver is not "joined with one or more *otherwise non-removable claims*" (emphasis supplied). The claim against the Bank is removable because the complaint clearly shows diversity of citizenship between plaintiff and the Bank, and an amount in controversy in excess of $10,000. It is thus removable because it is a "civil action brought in a State court of which the district courts of the United States have original jurisdiction. . . ." 28 U.S.C. § 1441(a).

Finnsilver asserts that the fact that the claim against the Bank also may be removable does not mitigate against its right of removal under 28 U.S.C. § 1441(c), and cites as authority for this proposition, *Port of New York Authority v. Eastern Airlines, Inc.*, 259 F.Supp. 142 (E.D.N.Y.1966). However, in that case the court clearly held that "the claim against United [Air Lines] is joined with a non-removable cause of action against TWA." *Id.* at 144. In this case, there are only two defendants and the claims against both are removable therefore, the general rule applies and all de-

fendants must join in the petition for removal. Since one did not, this case "was removed improvidently and without jurisdiction." 28 U.S.C. § 1447(c). It is therefore,

ORDERED and ADJUDGED that plaintiff's motion to remand is hereby granted and this cause is hereby remanded to the 11th Judicial Circuit Court in and for Dade County, Florida.