**JETSTAR INC., a Nevada corporation, Plaintiff,**

v.

**MONARCH SALES & SERVICE COMPANY, a Florida corporation, Marsh & McLennan, Inc., a Washington corporation, and Does 1–20 inclusive, Defendants.**

No. CV–R–86–86–ECR.

United States District Court, D. Nevada.

Jan. 5, 1987.

Steve Lane, Reno, Nev., for plaintiff.

Loyal Robert Hibbs, Reno, Nev., for defendant Monarch.

No appearance filed in this court by defendant Marsh & McLennan, Inc.

MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., Chief Judge.

This case involves the purchase of two airplanes by plaintiff, Jetstar Inc. ("Jets-

tar"), from defendant Monarch Sales and Service Company ("Monarch"). Jetstar is a Nevada corporation; Monarch is a Florida corporation. The case also involves a Washington corporation known as Marsh & McLennan, Inc. ("Marsh & McLennan").

On December 19, 1985, the plaintiff filed a complaint in the Second Judicial District Court of the State of Nevada. In that complaint, plaintiff named Monarch and Marsh & McLennan as defendants. On December 23, 1985, Marsh & McLennan was served with the summons and complaint. On December 24, 1985, the affidavit of service was filed with the clerk of the Second Judicial District Court; on September 5, 1986, it was filed with this Court. On January 27, 1986, Marsh & McLennan filed an answer.

In the meantime, on January 22, 1986, Monarch was served with the complaint. On February 18, 1986, Monarch filed a petition for removal of the state court action with this Court. Marsh & McLennan did not join in the petition for removal.

Due to the failure of Marsh & McLennan to join in the petition for removal, the plaintiff asserts that the petition for removal filed in this case is defective and that the case must be remanded to the Second Judicial District Court for the State of Nevada. The plaintiff does so by way of a Motion to Remand (document # 14).

Defendant, Monarch, argues that, pursuant to 28 U.S.C. § 1441(c), removal was proper without joinder of Marsh & McLennan in the petition.

Two other motions are pending in this case: a Motion by Defendant Monarch to Dismiss First Claim for Relief (document # 4) and a Motion for Change of Venue (document # 5).

As a general rule, all defendants, who have been served and who may properly join in the removal petition, must join. *Chicago, Rock Island, & Pacific Railway Co. v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900); *Northern Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir.1982); *Tri-Cities*

*Newspapers, Inc. v. Tri-Cities Pressmen Local 349*, 427 F.2d 325, 326–327 (5th Cir. 1970). One treatise has indicated that another way of stating the rule is that "before the plaintiff's choice of the state forum can be avoided, unanimity among all parties substantively entitled to remove is required." 1A Moore's Federal Practice ¶ 0.168 [3.–2–2] at p. 549.

In opposition to the motion to remand, Monarch argues that the removal in this case is pursuant to 28 U.S.C. § 1441(c), and that, therefore, it is not necessary that all defendants join in the petition to remove. 28 U.S.C. § 1441(c) reads:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Monarch argues that plaintiff's claims against Monarch are separate and independent from plaintiff's claims against Marsh & McLennan. Monarch further argues that plaintiff's claims against Marsh & McLennan are "non-removable" within the meaning of 28 U.S.C. § 1441(c) by virtue of the fact that Marsh & McLennan have not joined in the removal petition.

■ Monarch misreads 28 U.S.C. § 1441(c). The claim by plaintiff against Marsh & McLennan is not "non-removable" within the meaning of that provision. Jetstar is a Nevada corporation and Marsh & McLennan is a Washington corporation. Because diversity exists, the claim by plaintiff against Marsh & McLennan is removable.

■ Because the claim by plaintiff against Marsh & McLennan is not "non-removable" within the meaning of § 1441(c), that provision does not apply. Joinder of Marsh & McLennan in the removal petition is required for removal of this case to federal court, regardless of whether or not the claims by plaintiff against Monarch are

separate from and independent of the claims by plaintiff against Marsh & McLennan. *See P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546 (7th Cir.1968); *Van Slambrouck v. Employers Mut. Liab. Ins. Co. of Wisconsin*, 354 F.Supp. 366 (E.D.Mich.1973); *Nowell v. Nowell*, 272 F.Supp. 298 (D.Conn. 1967). *But see Port of New York Authority v. Eastern Air Lines, Inc.*, 259 F.Supp. 142 (E.D.N.Y.1966). The law is stated clearly in 1A Moore's Federal Practice ¶ 0.168 [3.-2-2] at p. 556-557:

> Thus when a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the defendant or defendants to the claim that is removable may file a petition to remove the entire case without the joinder of the defendant or defendants to the otherwise nonremovable cause of action. But if there are two separate and independent claims and both such claims are removable, then all the defendants to both claims must seek removal.

The above language from *Moore's* was quoted approvingly in *International Union of Operating Eng'rs., Local 400 v. Sletten Constr.*, 383 F.Supp. 855 (D.Mont. 1974).

The law stated by *Moore's* and followed in the cases of *P.P. Farmers' Elevator Co., supra; Van Slambrouck, supra;* and *Nowell, supra;* is consistent with the fundamental principle of removal law that removal is a purely statutory right which is to be strictly construed in view of the congressional policy against removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

In the case at bar, the claim made by plaintiff against March & McLennan is removable within the meaning of 28 U.S.C. § 1441(c). Therefore, for removal to be proper, Marsh & McLennan must have joined in a removal petition. This was not done. The case, therefore, must be remanded to the state court.

The above conclusion is true regardless of whether or not the claims by plaintiff against Monarch are separate and independent from the claims by plaintiff against Marsh & McLennan. The Court need not reach that question.

In light of the determination that this case must be remanded to the state court, it appears that the Motion for Change of Venue is moot. It is also apparent that the Motion to Dismiss First Claim for Relief is moot in this Court as the sufficiency of the pleadings is now a matter for the state court to decide.

IT IS, THEREFORE, HEREBY ORDERED that plaintiff's Motion to Remand (document #14) is *GRANTED*. This case is remanded to the Second Judicial District Court of the State of Nevada. A certified copy of this Order shall be mailed to the clerk of the said State court.

IT IS FURTHER ORDERED that the Motion by Defendant Monarch to Dismiss First Claim for Relief (document #4) is *MOOT* and will not be entertained by this Court.

IT IS FURTHER ORDERED that Monarch's Motion for Change of Venue (document #5) is *MOOT* in and will not be entertained by this Court.