**Elmer MANIS, Plaintiff,**

v.

**NORTH AMERICAN ROCKWELL CORPORATION et al., Defendants.**

**Civ. No. 71-227-HP.**

United States District Court, C. D. California.

March 24, 1971.

Richard J. Sunday, of William E. Dannemeyer, a Professional Law Corp., Fullerton, Cal., for plaintiff.

Jack Levine and Abe F. Levy, of Levy & Van Bourg, a Professional Corp., Los Angeles, Cal., for Local 887, International Union, United Automobile Aerospace & Agricultural Implement Workers of America.

Peter Burrows, Buck, Burrows & Smith, Long Beach, Cal., and Kenneth W. Anderson, Gibson, Dunn & Crutcher, Los Angeles, Cal., for North American Rockwell Corp.

## MEMORANDUM AND ORDER GRANTING MOTION TO REMAND

PREGERSON, District Judge.

Plaintiff's motion to remand this case to the Superior Court of the State of California in and for the County of Orange came on for hearing on March 22, 1971. Counsel for all parties appeared and argued the motion, and it was ordered submitted.

In his complaint filed in the Superior Court and thereafter removed to this court, plaintiff alleged four causes of action: (1) declaratory judgment regarding wrongful discharge, against defendants North American and Local 887; (2) breach of contract, against defendant North American; (3) slander, against defendant North American; and (4) breach of duty of fair representation, against defendant Local 887. Local 887 timely filed a petition for removal pursuant to 28 U.S.C. §§ 1441(c) and 1446. North American did not join in this petition, but did file a consent to removal, after this motion to remand had been filed and after the time for filing a petition for removal had expired.

The first question presented is whether defendant North American was required to join in the petition for removal. Defendants agree that claims (1), (2), and (4) were removable to this court, see 29 U.S.C. § 185, and that but for the presence of the non-removable claim (3) both defendants would ordinarily have had to join in the petition. See, e. g., C. Wright, Federal Courts § 40 (2d ed. 1970). Defendants contend, however, that since claim (3) is a separate and independent non-removable claim, removal of the entire case was properly effected by the petition of defendant Local 887 to remove on the basis of claim (4).

The general rule appears to be that where removable claims are joined with a separate and independent non-removable claim, the defendant(s) to the latter claim need not join in the petition for removal. See, e. g., 1A J. Moore, Federal Practice 1175 (2d ed. 1965). There is no reason to require a demand for removal by a defendant whose claim affords no basis for removal. But it does not follow that if one claim against a defendant (here North American) is not removable (here claim (3)), he should therefore be excused from the requirement of joining in the petition when there exist other claims against him that are removable (here claims (1) and (2)). See Nowell v. Nowell, 272 F. Supp. 298, 300 (D.Conn.1967); 1A J. Moore, supra, at 1175. Moreover, such a relaxation of the joinder requirements would contravene the accepted notion that the amended removal statutes, and especially section 1441(c), are intended to restrict the right of removal. See American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). The court holds that the presence of a separate and independent non-removable claim does not obviate the need for joinder in the petition for removal by all defendants against whom removable claims have been pleaded. Nowell v. Nowell, supra; 1A J. Moore, supra, at 1175.

The remaining question is whether the consent to removal filed by defendant North American subsequent to the expiration of time for filing a petition for removal should operate retroactively. Such an approach would thwart the time limitations set out in the removal statutes. "[F]ailure to take affirmative action seeking removal until after the 30-day time limitation has expired may not be cured retroactively." Maybruck v. Haim, 290 F.Supp. 721, 723 (S.D.N.Y.1968).

It is ordered that plaintiff's motion to remand this case to the Superior Court of the State of California in and for the County of Orange is granted.