**A. E. STALEY MANUFACTURING CO.**
v.
**FISCHBACK & MOORE, INC., et al.**
Civ. A. No. 72–1675.

United States District Court,
E. D. Pennsylvania.

Jan. 30, 1973.

E. Barclay Cale, Jr., Philadelphia, Pa., for plaintiff.

Robert F. Cushman, Philadelphia, Pa. for Fischback & Moore.

Tyson W. Couglin, Philadelphia, Pa., for Crouse Co. and James G. Crouse.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

Currently before the Court is plaintiff's Motion to Remand this suit to the Court of Common Pleas for the County of Philadelphia.

This is an equity action which was originally filed in the Court of Common Pleas of Philadelphia County on July 24, 1972. The plaintiff, A. E. Staley Mfg. Co. is a corporation organized under the laws of Delaware with its principal place of business in Illinois. The defendant, Fischback & Moore (F & M) is a corporation organized pursuant to New York law, where it has its principal place of business. The defendant, Crouse Company, Inc. is a Pennsylvania organized corporation with its principal place of business in Pennsylvania, and the defendant James G. Crouse is a citizen of Pennsylvania.

The instant complaint concerns the alleged faulty and tardy performance of a contract by the defendant F & M which contract provided for the construction by F & M of a corn processing facility in Morrisville, Pennsylvania for the plaintiff at a contract price of $13,443,000. The defendant F & M was

not paid the full contract price by the plaintiff, and the defendant F & M filed a demand for arbitration with the American Arbitration Association alleging that $2,442,662.00 was still due from the plaintiff under the contract, and in addition claimed damages in the amount of $3,995,748.29. The plaintiff alleges that the defendant's arbitration claim includes $1,025,935.08 in claims of subcontractors which do not properly come within the scope of the arbitration clause. The plaintiff further claims that a portion of the subcontractors' claims were procured through economic duress by the defendant F & M and that the remaining portion of the subcontractors' claims are a spurious attempt by F & M's wholly-owned subsidiaries to shift responsibility for payment to plaintiff Staley. Plaintiff, therefore, alleges, *inter alia,* that the arbitration of these subcontractors' claims is not authorized by the contract, and that the remaining claim of F & M for arbitration is outside the scope of the arbitration agreement and requests this Court, *inter alia,* to enjoin the arbitration proceeding. The plaintiff also claims that the defendants Crouse Company, Inc. and James G. Crouse acted as secret joint venturers with the defendant F & M to perpetrate a fraud on the plaintiff Staley after the Crouse defendants were rejected in their attempt to obtain this construction contract.

This action, based on diversity of citizenship, was removed from the Court of Common Pleas of the Commonwealth of Pennsylvania by the defendant F & M. The defendants Crouse Company, Inc. and James G. Crouse did not join in the removal petition. The theory on which the removal petition was founded is that the defendants Crouse Company, Inc. and James G. Crouse are merely formal or nominal parties and are not necessary and indispensable parties to the action. The defendant F & M, therefore, claims that the citizenship and the nonjoinder of defendants Crouse Company and James G. Crouse should be ignored by this Court for the purpose of determin-

ing whether the removal has been pursuant to law. The plaintiff claims that the Crouse defendants are necessary and indispensable parties to this action, and that the entire posture of the case, including the status of the Crouse defendants, must be considered in determining whether removal was improvident.

28 U.S.C. § 1441, the Removal Statute with which we are concerned, reads as follows:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court *of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants,* to the district court of the United States for the district and division embracing the place where such action is pending. (Emphasis added.)

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.* (Emphasis added.)

It is noted that section (a) says "may be removed by the defendant or the defendants." 28 U.S.C. § 1446(a) sets forth the procedure for the removal of a case from the State Court to the Federal Court in the following language, *inter alia*:

A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and or-

ders served upon him or them in such action.

This section also says "A defendant or defendants." The cases have uniformly interpreted these statutes as requiring that when there is more than one defendant in the state court action all of the defendants must be joined or consent to the removal petition. Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349, International Printing Pressmen and Assistants' Union of North America, 427 F.2d 325 (5th Cir. 1970); P. P. Farmers' Elevator Company v. Farmers Elevator Mutual Insurance Co., 395 F.2d 546 (7th Cir. 1968); Derry v. Roadway Express, Inc., 248 F.Supp. 843 (D.C.Ky. 1965); McMahan v. Fontenot, 212 F. Supp. 812 (D.C.Ark.1968); Driscoll v. Burlington-Bristol Bridge Co., 82 F. Supp. 975 (D.C.N.J.1949). The above cases simply reiterate the general rule promulgated by the Supreme Court of the United States in connection with an earlier Removal Statute. Chicago, Rock Island and Pacific Railway Co. v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900).

██ The right of removal and the procedure for removal is entirely statutory. Moreover, the removal statutes must be strictly construed and a federal court may encroach upon a state court's right to determine cases properly brought before that state court only with the express authority given by Congress. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–109, 61 S.Ct. 863, 85 L.Ed. 1214 (1941). Obviously, plaintiff might have invoked the jurisdiction of the federal courts in this action initially, but when the right to remove a case falls under the federal statute, this removal right is dependent on the acquiescence of all of the defendants before plaintiff's choice of the State forum can be circumvented. Edelstein v. New York Life Ins. Co., 30 F.Supp. 1 (D.C.N.Y.1939); Belcher v. Aetna Life Ins. Co., 3 F.Supp. 809 (D.C.Tex.1933);

John Hancock Mut. Life Ins. Co. v. United Office & Professional Workers of America, 93 F.Supp. 296 (D.C.N.Y. 1950).

Furthermore, subdivision (b) of the Removal Statute quoted above specifically provides:

> Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

This language clearly prohibits removal in a diversity action such as this where one or more of the defendants who were properly joined and served in the State action are citizens of the State in which the action was brought. In this case the defendant Crouse Company, Inc. is a Pennsylvania corporation with its principal place of business in Pennsylvania, and the defendant James G. Crouse is a citizen of Pennsylvania—the State in which the action was brought. The law is clear as stated in Morrison v. Jack Richards Aircraft Co., 328 F.Supp. 580, 582 (W.D.Okla.1971):

> ██ It is undisputed that three of the six Defendants are citizens of Oklahoma, they appear to have been properly joined (no claim is made to the contrary), two of them have been served and one has entered his appearance. In these circumstances, the case is not removable on diversity grounds. 28 U.S.C.A. § 1441(b); Martin v. Snyder, 148 U.S. 663, 13 S. Ct. 706, 37 L.Ed. 602 (1893); Fine v. Philip Morris, Inc., 239 F.Supp. 361 (S.D.N.Y.1964); 1 Barron & Holtzoff (Wright Ed.) § 103 and notes 31 and 31.2 thereunder.

██ In interpreting the removal statute, the cases have held, however, that the citizenship and non-joinder in the removal petition of parties who are merely formal and nominal are to be disregarded in determining whether removal is appropriate. Stonybrook Tenants

Association, Inc. v. Albert, et al., 194 F. Supp. 552, 556 (D.Conn.1961); Leadman v. Fidelity & Casualty Company, 92 F.Supp. 782 (S.D.W.Va.1950). Therefore, the only issue which must be determined by this Court is whether the defendants Crouse Company, Inc. and James G. Crouse are merely formal or nominal parties, or whether they are "necessary and indispensable." As stated by the Court in *Leadman, supra,* and quoted in *Stonybrook, supra*:

> The courts have uniformly defined indispensable parties as those who have such an interest in the subject matter that a final decree cannot be made without either affecting their interests or leaving the controversy in such condition that a final determination may be wholly inconsistent with equity and good conscience. Stonybrook, 194 F.Supp. at 557.

Applying the law to the facts of the instant case, the Court finds that the defendants Crouse Company and James G. Crouse are necessary and indispensable parties to this action. Plaintiff's complaint, *inter alia,* casts the defendants Crouse Company, Inc. and James G. Crouse as secret joint venturers with the defendant F & M. The pleadings further allege that the defendants all acted in concert to conceal the joint venture agreement to induce the plaintiff to sign a contract with the defendant F & M, which contract they would not have executed if the joint venture had been disclosed. All of the defendants might be jointly liable under state law if the plaintiff proves the allegations of the complaint. This Court could not, therefore, enter a final judgment consistent with equity and good conscience without the presence of the Crouse defendants.

For these reasons, the Court concludes that removal was improvident and, therefore, this Court shall remand this case to the Court of Common Pleas from whence it came.