**Tilly AGUIAR**

v.

**Thomas R. EVANS, et al.**

**Civ. A. No. 85-0253-R.**

United States District Court,
E.D. Virginia,
Richmond Division.

May 6, 1985.

Donna J. Katos, Bremner, Baber & Janus, Richmond, Va., for plaintiff.

Harrison Bush, Richmond, Va., Cecelia T. Roudiez, Washington, D.C., for defendants.

## OPINION

WARRINER, District Judge.

Presently before the Court is plaintiff's petition, filed with this Court on 27 March 1985, to remand this action to the State court. Defendants have filed a brief in opposition to remand. Plaintiff did not file a rebuttal. The matter is ripe for adjudication.

On 7 February 1985 plaintiff filed this action in the Circuit Court for the County of Henrico. On 8 March 1985 defendant Chesapeake & Potomac Telephone Co. (C & P), pursuant to 28 U.S.C. § 1441, filed a petition for removal to this Court.

Contained in the petition was an allegation that jurisdiction in this action is based on a federal question and that the case is

---

brought under the Labor Management Relations Act, § 29 U.S.C. § 185.

Accepting defendant C & P's allegation of jurisdiction as being true, this matter nevertheless must be remanded to the State court.

Section 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1446 prescribes the procedures to be followed for removal. Section 1446(a) provides:

A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Section 1447(c) provides:

If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just cost....

Both §§ 1441(a) and 1446(a) make reference to "defendant or defendants." Cases interpreting that phrase "have uniformly interpreted these statutes as requiring that when there is more than one defendant in the State court action all the defendants must be joined or consent to the removal petition." *A.E. Staley Manufacturing Co. v. Fischback & Moore, Inc.*, 353 F.Supp. 578, 581 (E.D.Pa.1973) and the cases cited therein. See generally *Baldwin v. Perdue, Inc.*, 451 F.Supp. 373 (E.D.Va.1978).

That all defendants, in a suit based on diversity jurisdiction, must join the petition for removal within thirty days is unquestioned. See, e.g., *P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Insurance Co.*, 395 F.2d 546, 547 (7th Cir.1968); *Bradley v. Maryland Casualty Co.*, 382 F.2d 415, 419 (8th Cir.1967); *Baldwin*, 451 F.Supp. at 376; *Orlikowski v. Mearns*, 212 F.Supp. 37, 38–39 (E.D.Va.1962).

That the joining of all defendants in a federal question jurisdiction case has never been so clearly stated in any of the decisions I have researched. The removal statutes themselves, in requiring defendants to join in the petition for removal, make no distinction between cases based on diversity jurisdiction as opposed to federal question jurisdiction. Nor do Professors Wright, Miller and Cooper in their discussion of removal procedures distinguish between the defendants required to join in the petition when it is based on diversity or a federal question. See Wright, Miller and Cooper, Federal Practice and Procedure § 3731.

Professor Moore in discussing federal question removal procedures states "[a]s the statute treats plural defendants collectively, all must normally join in the removal petition." See Moore's Federal Practice ¶ 0.160[6] & n. 1. Yet, the cases cited therein do not stand for that specific proposition. See, e.g., id. (citing *Bradley v. Maryland Casualty Co.*, 382 F.2d 415 (8th Cir.1967) (removal on diversity grounds); *P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Insurance Co.*, 395 F.2d 546 (7th Cir.1968) (removal on diversity grounds); *Johnson v. General Motors Corp.*, 242 F.Supp. 778 (E.D.Va.1965) (re-

moval on diversity grounds); *Nowell v. Nowell,* 272 F.Supp. 298 (D.Conn.1967) (removal on diversity grounds).

In the case at bar only defendant C & P filed a petition and only defendant C & P presented the bond required under 28 U.S.C. § 1446(d).

"Removal statutes are strictly construed." *Thompson v. Gillen,* 491 F.Supp. 24, 26 (E.D.Va.1980) (citations omitted). See also *Richmond, Fredericksburg & Potomac Railway Co. v. Intermodal Services, Inc.,* 508 F.Supp. 804 (E.D.Va.1981); *Winters Government Securities Corp. v. Cedar Point State Bank,* 446 F.Supp. 1123 (S.D.Fla.1978).

Because removal statutes are to be strictly construed, because the removal statutes do not distinguish between cases based on federal question or diversity jurisdiction, and because the cases have uniformly held that all defendants must join in the removal petition, I determine that all defendants must join in the petition to remove a case to the federal court when jurisdiction is based on a federal question.

Because all defendants failed to petition for removal within the thirty day period required under the removal statutes, this action must be remanded to the State court pursuant to 28 U.S.C. § 1447(c).

And it is so ORDERED.

## JUDGMENT

For the reasons set forth in the accompanying opinion this action is REMANDED to the Circuit Court for the County of Henrico, Virginia.

And it is so ORDERED.