896 F.Supp. 406 (1995)
Shirley LANDMAN
v.
BOROUGH OF BRISTOL, et al.
Civ. A. No. 95-3473.
United States District Court, E.D. Pennsylvania, Civil Division.
July 21, 1995.
*407 Joseph L. Messa, Ominsky, Welsh and Steinberg, P.C., Philadelphia, PA, for Shirley Landman.
Gary S. Turetsky, Philadelphia, PA, for Borough of Bristol.
Timothy J. Holman, Duane, Morris, & Heckscher, Philadelphia, PA, for Amtrak Nat. Railroad Passenger Corp.

MEMORANDUM
BARTLE, District Judge.
Plaintiff, Shirley Landman ("Landman"), instituted this personal injury action in the Court of Common Pleas of Philadelphia County against defendants, National Passenger Railroad Corporation ("Amtrak") and the Borough of Bristol ("Bristol"). Thereafter Amtrak removed the action to this court. Presently before the court is the motion of plaintiff to remand the action to state court.
Plaintiff's first ground for remand is that the court lacks jurisdiction because diversity of citizenship does not exist. Plaintiff, a citizen of Pennsylvania, maintains that the presence of Bristol, a Pennsylvania municipality, violates the complete diversity requirements of 28 U.S.C. § 1332. See Strawbridge v. Curtiss, 7 U.S. 267, 2 L.Ed. 435, 3 Cranch 267 (1806); State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523, 530-31, 87 S.Ct. 1199, 1203-04, 18 L.Ed.2d 270 (1967). Though correct that diversity jurisdiction is lacking, plaintiff's position ignores the special status of defendant Amtrak, a federally-chartered corporation more than 50% of the stock of which is owned by the federal government. Pennsylvania Fed'n of Bhd. of Maintenance of Way Employees v. National R.R. Passenger Corp., 989 F.2d 112, 113 n. 2 (3d Cir. 1993), cert. denied, ___ U.S. ___, 114 S.Ct. 85, 126 L.Ed.2d 53 (1993).
There is compelling authority that the presence of Amtrak as a defendant creates federal subject matter jurisdiction regardless *408 of the nature of claims for relief or citizenship of the parties. See Nero v. Amtrak, 714 F.Supp. 753, 754 (E.D.Pa.1989); McManus v. Glassman's Wynnefield, Inc., 710 F.Supp. 1043, 1044 (E.D.Pa.1989). When a federally-chartered corporation appears as a party to a suit, the suit may be considered to arise under federal law even if the balance of the action is non-federal in character. McManus, 710 F.Supp. at 1044 (citation omitted). Jurisdiction over federally-chartered corporations is subject only to the limits of 28 U.S.C. § 1349 which provides: "The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock." Since Amtrak is a federally-owned and federally-chartered corporation, it does not run afoul of § 1349, and its presence as a party gives rise to federal question jurisdiction under 28 U.S.C. § 1331.
Plaintiff next contends that the court should remand the case to state court because Bristol did not consent to Amtrak's removal in a timely manner. Under 28 U.S.C. § 1446(b) defendants must remove within 30 days of receiving the complaint for the removal to be effective:
The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
According to the state court docket, Amtrak was served with the complaint on May 3, 1995. Amtrak filed its petition for removal on June 1, 1995, within the 30 day period. In its petition Amtrak asserted that co-defendant Bristol also consented to removal. Though the record is silent as to when service was made on Bristol, its counsel filed an Entry of Appearance and Preliminary Objections in the state court on May 26, 1995. Thus, Bristol had notice of the complaint no later than that date. Bristol filed, in this court, an answer to the complaint on June 13, 1995, but the answer was silent as to Bristol's position on removal. It was not until June 28, 1995 that Bristol filed a statement consenting to removal to this court.[1] While Bristol's answer fell within 30 days of May 26, 1995, Bristol's consent statement was filed outside the 30 day period. Therefore, this court must determine whether either Amtrak's assertion of Bristol's consent to removal, Bristol's filing of an answer, or Bristol's consent statement can be deemed effective consent within the meaning of § 1446(b).
Removal statutes are an infringement on the power of the states and must be strictly construed in favor of state court jurisdiction. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir.1990), cert. denied, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991) (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987)). Doubts concerning questionable removal procedure should be resolved in favor of remand. See Boyer, 913 F.2d at 111 (citations omitted). The Court of Appeals for the Third Circuit has construed § 1446 to require that all defendants join in a removal petition. Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir.1985) (citing Northern Illinois Gas Co. v. Airco Indus. Gases, 676 F.2d 270 (7th Cir.1982)). "This means that each defendant must communicate his consent to the court ... within the thirty-day period." Fellhauer v. City of Geneva, 673 F.Supp. 1445, 1447 (N.D.Ill.1987) (citations omitted) (emphasis in original).
In its June 1, 1995 removal petition, Amtrak simply asserted that co-defendant Bristol agreed to the removal. The petition did not include any documentation signed by Bristol or its representative to confirm Amtrak's *409 claim.[2] Unfortunately for both, one defendant's attempt to speak on behalf of another defendant will not suffice. Jordan v. Philadelphia Hous. Auth., No. 91-6191, 1991 U.S. Dist. LEXIS 15970, at *3, 1991 WL 236465, at *3 (E.D.Pa. Nov. 5, 1991) (citing Knickerbocker v. Chrysler Corp., 728 F.Supp. 460, 461 (E.D.Mich.1990)). Statements made in a removal petition concerning a co-defendant's position on removal are inappropriate without some form of filing by the co-defendant. Ogletree v. Barnes, 851 F.Supp. 184, 190 (E.D.Pa.1994) (quoting Martin Oil Co. v. Philadelphia Life Ins. Co., 827 F.Supp. 1236, 1238-39 (N.D.W.Va.1993)). Thus, reliance on Amtrak's petition to perfect removal for Bristol is to no avail.
Defendants next oppose remand on the ground that Bristol's answer, filed within the 30 day limit of § 1446(b), constituted effective consent to Amtrak's removal. Since the answer did not expressly state Bristol's consent to removal, this court would have to infer consent from the act of filing the answer. Few cases have addressed the question whether an answer, in and of itself, may serve this purpose. We have found only one case in the Eastern District of Pennsylvania that has dealt with this issue. In Klinek v. Parker Hannifin Corp., No. 85-6511, 1986 WL 1229 (E.D.Pa. Jan. 29, 1986) (citing Godman v. Sears, Roebuck and Co., 588 F.Supp. 121, 124 (E.D.Mich.1984)), the court held that the filing of an answer by a co-defendant did not constitute sufficient consent to removal. We find this decision, together with the opinion in Production Stamping Corp. v. Maryland Casualty Co., 829 F.Supp. 1074 (E.D.Wis.1993), persuasive. Because courts strictly construe the removal statutes, the parties must meticulously comply with the requirements of the statute to avoid remand. The filing of an answer is an ambiguous act in this regard. Under Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a party has 20 days to answer while 28 U.S.C. § 1446(b) grants 30 days to consent to removal. When filing an answer, a party may simply be seeking to avoid the risks of default, or to prevent the plaintiffs unilateral amendment to a pleading under Rule 15(a) of the Federal Rules of Civil Procedure. See Production Stamping, 829 F.Supp. at 1077. Moreover, the filing of an answer may merely express a desire to expedite the case whatever forum may be determined to be proper. The law requires that parties clearly and unambiguously express consent to removal. Id. With different possible motives, a party's filing of an answer does not satisfy the unambiguous expression of consent required for proper removal. Id.
Finally, Bristol's explicit statement consenting to removal is not sufficient to avoid remand. It was not filed until June 28, 1995. All co-defendants must unambiguously consent to removal within the statutory 30 day period after receipt of the initial pleading, through service or otherwise. Collins v. American Red Cross, 724 F.Supp. 353, 359 (E.D.Pa.1989). Bristol's June 28 consent occurred after the expiration of the 30 day period prescribed by § 1446(b), even assuming that Bristol did not obtain a copy of the complaint until the very day its counsel entered an appearance in state court. Accordingly, Bristol's consent statement was untimely.
In sum, for removal to be allowed under 28 U.S.C. § 1446, each defendant must file its own timely removal petition or file its own timely statement consenting to removal by a co-defendant. Bristol did neither. Accordingly, the action will be remanded to the Court of Common Pleas of Philadelphia County.
Finally, plaintiff seeks attorney's fees and costs incurred as a result of the removal. This is a matter within the discretion of the court. Scheidell v. State Farm Fire & Casualty Co., No. 91-2695, 1991 U.S.Dist. LEXIS 6922, at *3, 1991 WL 87042 (E.D.Pa. May 14, 1991) (citing Johansen v. Employee Benefit Claims, Inc., 668 F.Supp. 1294, 1297 *410 (D.Minn.1987)). Assigning attorney's fees and costs is usually limited to situations where nonremovability is obvious or where a defendant did not act in good faith. Scheidell, 1991 U.S.Dist. LEXIS 6922, at *3, 1991 WL 87042 (citations omitted). Plaintiff's motion for attorney's fees and costs lacks merit and will be denied.
NOTES
[1] The statement appeared in ¶ 11 of the Response of Defendant Borough of Bristol to Plaintiff's Motion for Remand and Costs which stated:

"[A]nswering defendant's consent to removal of this action to the Federal District Court by co-defendant Amtrak is properly evidenced in the notice of removal."
[2] There are exceptions, which do not apply to the facts of this case, to the rule that all co-defendants must be joined in a removal petition. A co-defendant need not be joined when the co-defendant has not been served, is a nominal party, has been fraudulently joined or against whom only separate and independent nonremovable claims are pending. See Collins v. American Red Cross, 724 F.Supp. 353, 360 n. 9 (E.D.Pa. 1989) (citations omitted).