**Jose A. GONZALEZ and Spouse, Martha Gonzalez, Plaintiffs,**

v.

**AMERICAN HOME PRODUCTS CORP., et al., Defendants.**

**No. Civ.A. L–02–55.**

United States District Court, S.D. Texas, Laredo Division.

Sept. 12, 2002.

Charles Stein Siegel, David C. Greenstone, Waters & Kraus, LLP, Dallas, TX, for Plaintiff.

Daniel J. Sheehan, Jr., Daniel Sheehan & Assoc. LLP, Dallas, TX, Brynley James, III, Fulbright & Jaworski, San Antonio, TX, Alan R. Vickery, Sedgwick Detert et al, Dallas, TX, Margaret T. Brenner, Hays McConn, et al, Houston, TX, Jeffrey Zager, C. Crews Townsend, Miller & Martin, Chattanooga, TN, Marcel C. Notzon, III, Alvarez & Notzon, Laredo, TX, Frank A. Doyle, Brian P. Johnson, Johnson Spalding et al, Houston, TX, Mitchell Craig Chaney, Rodriguez Colvin & Chaney, Brownsville, TX, Earl B. Austin, Baker Botts, Dallas, TX, Michael Dennis Robbins, Doyle Restrepo et al, Houston, TX, Randolph S. Sherman, Kaye Scholer et al, New York City, Robert Joseph Perez, Shelton & Valaqdez PC, San Antonio, TX, for defendants.

## MEMORANDUM AND ORDER

KAZEN, Chief Judge.

Pending are various motions in this multi-party case, but the threshold issues are Plaintiffs' motion to remand to state court (Docket No. 25) and a motion to stay proceedings by Defendant Chattem, Inc. (Docket No. 3).

This case was removed by Chattem from the 111th District Court of Webb County, Texas. It is but one of a series of cases previously filed in this and other courts around the country, causing them to come to the attention of the Multidistrict Litigation Panel.

The instant Plaintiffs complain of some thirteen Defendants. In what appears to be a form pleading seen in previous cases, Plaintiffs allege that they have suffered physical injuries as a result of "exposure" to phenylpropanolamine ("PPA"). They allege that they have ingested "PPA containing products designed, formulated, marketed, manufactured, distributed, and/or sold by defendants." The pleading is replete with generalized allegations that the "defendants" are liable in strict liability, negligence, breach of implied warranty, etc. Plaintiffs are Texas citizens. For diversity purposes, only Defendant Advocare International, LLC. appears to be a Texas citizen. Its presence as a viable Defendant, therefore, is the key to federal jurisdiction.

Despite the length of the pleadings, at no point do Plaintiffs specifically allege that they have ever consumed a product manufactured, distributed or sold by Advocare or any other Defendant. Defendants correctly observe that, as a general proposition, a plaintiff can recover damages only from a defendant who manufactured, distributed or sold a product used by the plaintiffs. It is not enough to allege that a defendant deals with a product similar to

one used by the plaintiff. *See, e.g., Firestone Steel Products Co. v. Barajas,* 927 S.W.2d 608, 614 (Tex.1996). In earlier similar cases handled by this Court, plaintiffs seeking a remand to state court had supplemented their pleadings with evidence that they actually purchased and consumed a certain product sold by a Texas defendant. No such evidence has come forth in this case. At page 16 of their remand motion (Docket No. 25), Plaintiffs indicate that the PPA product which pertains to Advocare is called "Metabolic Nutrition System Gold," but the Court can only assume from this record that the Plaintiffs have never consumed that product.

If the Court's assumption is correct, then the only arguably valid claim against Advocare would be that of "civil conspiracy." Plaintiffs allege that the "defendants" conspired to injure him "by allowing plaintiff to use harmful and dangerous products" and also conspired "to deprive Plaintiff of the opportunity of informed free choice as to whether to use said products." These allegations, which are facially dubious, sound like a conspiracy to fail to warn consumers of side effects of PPA. Texas law seems clear that a claim of civil conspiracy cannot be based upon negligence. *Juhl v. Airington,* 936 S.W.2d 640, 645–646 (Tex.1996); *North American Van Lines, Inc. v. Emmons,* 50 S.W.3d 103, 116 (Tex.App.—Beaumont, 2001, n.w.h.); *Ghidoni v. Stone Oak, Inc.,* 966 S.W.2d 573, 585 (Tex.App.—San Antonio, 1998, n.w.h.). A failure to adequately warn of a product's potential dangers has typically been considered to sound in negligence or strict liability, but not intentional harm. Admittedly, Plaintiffs also allege that Defendants' conspiracy was based on willful misrepresentations and suppression of the truth and then add a separate claim for relief labeled "malice." The petition itself furnishes nothing to support these allegations. Based on the remand motion, Plaintiffs' theory is that "as far as back as 1969, and throughout the 1980s and 1990s" there were widespread reports in medical literature of individuals injured from ingesting products containing PPA. Despite these reports, Plaintiffs point to the Physician's Desk Reference for the year 2000 and conclude that no manufacturer of PPA products provided any warnings regarding a possible link between PPA and "hemorrhagic strokes." Plaintiffs conclude that "there is a reasonable basis" to believe that all manufacturers of PPA conspired to fail to warn the public about the adverse effects of PPA. This evidence would not likely rise to a claim of deliberate misrepresentation.

Distressingly, Defendants' fraudulent joinder claim is basically an attack on the sufficiency of the pleadings. While the pleadings are certainly not ideal, to say the least, they do globally allege that Plaintiffs ingested products made by all Defendants and that all Defendants made false and malicious misrepresentations designed to injure consumers. Therefore, the Court could not say from the pleadings alone that there is no possible cause of action against Advocare. The question is whether there is any substance to these allegations, which are entirely generic and conclusory and, as indicated above, are at least suspect in certain respects. The Court also recognizes that, due to the nature of this case, it would not be a simple matter for the Defendants to immediately establish that the allegations lack substance, if indeed that is the case. For example, proving whether these Plaintiffs ever consumed Advocare's product would seemingly require some discovery. The same is true for establishing whether there was any conspiracy among these disparate Defendants to misrepresent the side effects of PPA. In *Griggs v. State Farm Lloyds,* 181 F.3d 694 (5th Cir.1999), the Fifth Circuit held that in resolving the issue of fraudu-

lent joinder, a federal court may consider summary judgment-type evidence pertinent to the causes of action alleged in the state court pleadings. Even Plaintiffs observe at page 17 of the remand motion, that "additional discovery will bear witness to plaintiffs' good faith claims of conspiracy." Were this an ordinary case, the Court would defer ruling for a short time to allow discovery by both parties on the critical issues, but this is not an ordinary case. Instead, several hundred such cases are now found at MDL Docket No. 1407. The instant case is tentatively scheduled for inclusion on that docket. On September 26, 2002, the MDL Panel will consider Plaintiffs' opposition to the inclusion of this particular case. If the Court were to defer ruling on the instant remand motion to allow a period of discovery on the controlling issues, the parties in this case would be duplicating the work of the MDL court. The issue of whether a conspiracy existed among these Defendants would probably be common to most, if not all, of the other PPA cases. Judicial economy and consistency of result dictate that this key issue be decided once, not countless times. *See* 28 U.S.C.A. § 1407(a). Depending on the discovered evidence, the transferee court has the power to remand this case if it

determines that there is at least a possible claim against Advocare. *Id.*

For all the foregoing reasons, the motion for stay of proceedings (Docket No. 3) is GRANTED, to await the ruling of the MDL Panel. The remand motion (Docket No. 25) is DENIED without prejudice. The motion for expedited hearing (Docket No. 34) is DENIED as moot.[1]

---

1. There is a collateral issue with respect to the mechanics of the removal. When Chattem removed, it filed a series of separate consents to removal in the names of the other Defendants. No consent was filed in the name of Defendant Smithkline Beecham Consumer Healthcare, LP ("SBCH"). Chattem later asserted that this omission was inadvertent, which is likely true but not necessarily controlling. On April 16, 2002, however, SBCH along with Smithkline Beecham Corporation and Block Drug Company, Inc. filed a joint answer to Plaintiffs' pleadings (Docket No. 6). In Paragraph 16 of the answer, the Defendants alleged that "jurisdiction over this matter is properly in federal court." This answer was filed within thirty days after the first Defendant was served so that, if it constituted consent, it was timely. While the Court

recognizes holdings that the mere filing of an answer is not equivalent to consent to removal, *See, e.g..*, *Glover v. W.R. Grace Co., Inc.*, 773 F.Supp. 964, 965 (E.D.Tex.1991), the Court is satisfied that SBCH did sufficiently consent in this case. Its answer was a joint document including two other Defendants that had already expressly consented, it was filed by the same law firm representing all three Defendants, and it contained the quoted language that jurisdiction was "properly in federal court." If SBCH did not intend to consent, jurisdiction would not be "proper" in federal court. Because the Court has decided to stay proceedings pending probable transfer to the MDL court, the Plaintiffs are free to re-urge their lack of consent argument to that court at the appropriate time.