**Sharon REESER, et al.**

v.

**NGK METALS CORPORATION, et al.**

**No. CIV.A. 02–8887.**

United States District Court,
E.D. Pennsylvania.

Feb. 24, 2003.

Ruben Honik, Philadelphia, for Sharon Reeser, L. Scott Reeser, W/H, Judy Forry, Robert A. Forry, W/H, Plaintiffs.

Thomas C. Delorenzo, Marshall Dennehey Warner, Coleman & Goggin, Philadelphia, Neil S. Witkes, Manko, Gold, Katcher & Fox, LLP., Bala Cynwyd, Adrienne D. Jappe, Kittredge, Donley, Elson, et al., Patrick W. Kittredge, Kittredge Donley Elson, Fullem & Embick LLP, Stephen J. Imbriglia, Hecker Brown Sherry & Johnson LLP, Philadelphia, for NGK Metals Corporation, Individually and as Successor to the Beryllium Corporation, Kawecki Bertlco Inc., A/K/A KBI, Kawecki Chemical Co., & Berylco, Inc., Cabot Corporation, Individually and as Successor in Intrest to Cabot Berylco, Inc. Kawecki Berylco Inc., A/K/A KBI Kawecki Berylco Industries, Inc. & the Beryllium Corporation, NGK Insulators, Ltd., NGK North America, Spotts, Stevens and McCoy, Inc., Len Velky, Yasuhito Niwa, Defendants.

## MEMORANDUM

BARTLE, District Judge.

Before the court is the motion of plaintiffs to remand this action to the Court of Common Pleas of Philadelphia County. See 28 U.S.C. § 1447(c).

Plaintiffs Sharon Reeser and Judy Forry, citizens of the Commonwealth of Pennsylvania, originally brought this action in the state court for personal injuries allegedly suffered from exposure to emissions from a beryllium plant near Reading, Pennsylvania ("Reading plant" or "plant").[1] Plaintiffs lived in the vicinity of the plant for a number of years. The defendants are NGK Metals Corporation ("NGK Metals") and Cabot Corporation ("Cabot"), the former owners of the plant, as well as NGK Insulators, Ltd., NGK North America, Spotts, Stevens and McCoy, Inc. ("SSM") and individuals Len Velky ("Velky") and Yasuhito Niwa ("Niwa").

---

1. Their spouses are also plaintiffs with derivative claims for loss of consortium.

There being no federal claims, defendants NGK Metals, Velky and Niwa, with the consent of Cabot, NGK North America, and SSM removed the action to this court on December 4, 2002 on the ground of diversity of citizenship. *See* 28 U.S.C. §§ 1332(a), 1446(b). These six defendants had been served with the complaint within thirty days prior to that date.

## I.

In support of its motion to remand, plaintiffs first argue that subject matter jurisdiction fails because complete diversity of citizenship is lacking. *See State Farm Fire & Cas. Co. v. Tashire,* 386 U.S. 523, 530–31, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967); *Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806). Plaintiffs and defendants SSM, Velky and Niwa are all Pennsylvania citizens. While conceding the lack of complete diversity, defendants respond that these three parties were fraudulently joined so that their citizenship should be disregarded.

■■■ Under *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990), joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." (citations omitted). The presence of a party fraudulently joined cannot defeat removal. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921).

■■■ The burden on defendants to establish fraudulent joinder is a heavy one. *See Boyer,* 913 F.2d at 111. In determining whether defendants have met their burden, we "must resolve all contested issues of substantive fact in favor of the plaintiff[s]." *Id.* We are also cognizant that the removal statute must be construed narrowly, and "all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3d Cir.1987) (citation omitted). However, we are not required blindly to accept whatever plaintiffs may say no matter how incredible or how contrary to the overwhelming weight of the evidence. The Supreme Court made it clear in *Wilson* that if the plaintiffs contest a defendant's assertion that joinder of another defendant was a sham to defeat removal, the District Court must determine the facts from the evidence. *Wilson,* 257 U.S. at 98, 42 S.Ct. 35. We are not to decide automatically in favor of remand simply because some facts may be said to be in dispute.

■■■ On matters of substantive law, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer,* 913 F.2d at 111 (citation omitted). We are mindful that our inquiry into defendants' claim of fraudulent joinder is less searching than that permissible when a party seeks to dismiss a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 852 (3d Cir.1992); *see also Gaul v. Neurocare Diagnostic, Inc.,* No. 02–CV–2135, 2003 WL 230800, at *2 (E.D.Pa. Jan.1, 2003). In other words, simply because a claim against a party may ultimately be dismissed for failure to state a claim does not necessarily mean that the party was fraudulently joined. The test is whether a claim is colorable, that is, not "wholly insubstantial and frivolous." *Batoff,* 977 F.2d at 852.

According to the complaint, defendant SSM, an engineering consulting firm, was involved with and responsible for testing, sampling, analyzing and monitoring the air

quality and levels of beryllium at the Reading plant for the plant owner. Plaintiffs allege that SSM knew or should have known of the "potential hazards" to plaintiffs from beryllium exposure and knew or should have known that certain compliance statements were either misleading or false. The complaint further asserts that the firm failed to use "proper analytical methods." Plaintiffs' legal theories against SSM consist of negligence, strict liability, civil conspiracy and fraudulent concealment or non-disclosure.[2]

■ We conclude that plaintiffs do not have colorable negligence or strict liability claims against SSM under Pennsylvania law. As an engineering consulting firm engaged by the plant owner, it owed no duty to plaintiffs who simply resided in the neighborhood of the Reading plant. Plaintiffs do not meet the criteria of § 324A of the Restatement, Torts 2d (1977) which has been adopted in the Commonwealth.[3] *Wenrick v. Schloemann–Siemag Aktiengesellschaft*, 523 Pa. 1, 564 A.2d 1244, 1248 (1989); *Gerace v. Holmes Prot. of Phila.*, 357 Pa.Super. 467, 516 A.2d 354, 358 (1986). Plaintiffs have not alleged that the acts of SSM increased the risk of harm or that SSM undertook a duty owed them by another. Nor does the complaint set forth that plaintiffs relied on anything SSM undertook to do. *See Krueger Assocs., Inc. v. Am. Dist. Tel. Co. of Pa.*, 247 F.3d 61, 66–67 (3d Cir.2001); *Wenrick*, 564 A.2d at 1248 (Pa.1989). Plaintiffs counter simply with a citation to *Cappelli v. York Operating Co., Inc.*, 711 A.2d 481 (1998). That decision, however, deals solely with a statute of limitations issue. It does not discuss § 324A or the duty owed by the defendant to the plaintiffs. In addition, while the defendant in *Cappelli* was an air-quality consulting firm, the plaintiffs were employees, not neighbors, of the company that had hired the consulting firm which allegedly had been negligent.

Plaintiffs' claims of civil conspiracy and fraudulent concealment or non-disclosure against SSM are likewise not colorable. They merely consist of conclusory allegations which are clearly insufficient.

■ Defendants also contend that the individual defendants Velky and Niwa, who were employed at the Reading plant, are fraudulently joined. The complaint identifies theories of negligence, civil conspiracy, and fraudulent concealment or non-disclosure.[4] Velky did not begin working at the Reading plant until 1979 and Niwa had no responsibility there until 1986. In contrast, plaintiff Judy Forry lived in the vicinity of the Reading plant only until 1973, and plaintiff Sharon Reeser moved away in 1969, only to return in 2001 to a home near the plant after it had closed. These two individual defendants could not possibly have owed a duty to plaintiffs. Moreover, with respect to the civil conspiracy claims, a corporation cannot conspire with its employees unless the

---

**2.** The claims for loss of consortium, being derivative, rise and fall with the other claims. *See Patterson v. Am. Bosch Corp.*, 914 F.2d 384, 386 n. 4 (3d Cir.1990).

**3.** Section 324A of the Restatement of Torts 2d (1977) provides:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

**4.** The complaint also asserts two claims of loss of consortium against Velky, but not against Niwa.

latter are acting for personal reasons. *See Tyler v. O'Neill,* 994 F.Supp. 603, 613 (E.D.Pa.1998), *aff'd.,* 189 F.3d 465 (3d Cir. 1999). No such allegations appear in the complaint. The fraudulent concealment or non-disclosure counts are merely conclusory. We agree that Velky and Niwa are fraudulently joined.

This court has subject matter jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332(a).

## II.

■ Even assuming that SSM, Velky, and Niwa were fraudulently joined, plaintiffs next argue that the removal was procedurally flawed because defendant NGK Insulators, Ltd. never consented to removal. The notice of removal, which was filed on December 4, 2002, stated that "to the best of moving defendants' knowledge," NGK Insulators, Ltd. had not yet been served.

■ Plaintiffs are correct that there is a general rule of unanimity, requiring all non-fraudulently joined defendants to agree to removal. *Balazik v. County of Dauphin,* 44 F.3d 209, 213 (3d Cir.1995); *Lewis v. Rego Co.,* 757 F.2d 66, 68 (3d Cir.1985). Nonetheless, there are several exceptions. The rule does not apply to any defendant which has not been served or is not otherwise in receipt of the complaint by the time of removal. *See* 28 U.S.C. § 1446(b); *Lewis,* 757 F.2d at 68–69; *Landman v. Borough of Bristol,* 896 F.Supp. 406, 409 n. 2 (E.D.Pa.1995). NGK Insulators, Ltd. was not served prior to December 4, 2002, and there is no evidence that it was in possession of a copy of the complaint before that date.[5] A defendant such as NGK Insulators, Ltd. which is served after removal does not need to take any affirmative step in order for the federal court to retain jurisdiction. While a defendant served after removal may move for remand under 28 U.S.C. § 1448, a plaintiff has no comparable right. *Lewis,* 757 F.2d at 69. A plaintiff may successfully challenge removal based on lack of unanimous consent only with respect to non-fraudulently joined defendants served or otherwise in receipt of the complaint by the time of removal. Because defendant NGK Insulators, Ltd. does not fit into either category, its consent to removal was not and is not required.

All defendants served with the complaint by the time the notice of removal was filed concurred in a timely manner to remove the action to this court. Thus, plaintiffs' contention that the rule of unanimity was violated is without merit.

## III.

Accordingly, the motion of plaintiffs to remand this action to the Court of Common Pleas of Philadelphia County will be denied.

## *ORDER*

AND NOW, this 24th day of February, 2003, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of plaintiffs to remand this action to the Court of Common Pleas of Philadelphia County is DENIED.

---

**5.** Plaintiffs have produced an affidavit from a deputy sheriff of Berks County, Pennsylvania attesting to service of the complaint on NGK Insulators, Ltd. on December 13, 2002. This was after removal had already been effected. NGK Insulators, Ltd. strongly contests the propriety of that service. For present purposes, we need not resolve this issue.