**UNICOM SYSTEMS, INC., Plaintiff,**

v.

**NATIONAL LOUIS UNIVERSITY,
et al., Defendants.**

**No. CIV.A. 03–98–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

April 28, 2003.

Michael Joseph Woodruff, Michael J. Woodruff P.C., Fairfax, for Plaintiffs.

Jeffrey Lawrence Novak, McGuire-Woods L.L.P., McLean, Andrew Joseph Terrell, Whiteford Taylor & Preston L.L.P., Washington, D.C., for Defendants.

## *MEMORANDUM OPINION*

ELLIS, District Judge.

This removed diversity case involving a contractual dispute among several corporations presents the question whether remand is required where, as here, the non-removing defendant filed an answer within thirty days of service of the initial pleading, but did not file any explicit notice of consent to the removal by the other two defendants until well after the expiration of the thirty day removal period. Put differently, the question is whether the filing of an answer that makes no reference to removal is sufficient to satisfy the requirement that a non-removing defendant consent to removal.

For the reasons that follow, remand is required.

### I.

Plaintiff Unicom Systems, Inc. ("Unicom") is a Virginia corporation with a principal place of business in Fairfax City, Virginia. It is in the business of providing international clients with computer and management training and education.

There are three defendants. The first, National Louis University ("NLU") is a Illinois institution that offers degree and certificate programs in computer training and management education. A second defendant, Michael Louis University ("MLU") is a recently dissolved Illinois corporation. And the third defendant is Techknowledge Corporation ("TC"), a Maryland corporation that offers technical training in the field of computer science.

Through a series of joint agreements, Unicom, NLU, and TC offered computer and management training classes to a wide variety of clients. Unicom administered the entire training program; NLU provided the physical sites for the classes, and TC provided the instruction for the classes. Although MLU was not a party to the agreements, it was involved in teaching some of the training programs. Unicom alleges that NLU and TC breached their agreement to provide these services by failing to conduct the training programs as agreed. For example, on several occasions, MLU allegedly taught the classes, but did not conduct the training for the required period of instruction. Unicom further alleges that NLU, MLU, and TC breached various non-compete agreements by seeking to appropriate Unicom's client base for their own use.

On December 18, 2002, Unicom filed its five-count motion for judgment in the Circuit Court of Fairfax County, Virginia, which was served first on defendants NLU and MLU on January 3, 2003, and then on TC on January 6, 2003. On January 27, 2003, defendants NLU and MLU filed a joint notice of removal to federal court. Thereafter, on February 4, 2003, defendant TC filed its answer in federal court. Significantly, this answer contained no explicit consent to the removal notice, nor any demand or request to remand the case

to state court; indeed, the answer contained no reference at all to removal. On February 25, 2003, plaintiff filed its motion to remand on the ground that TC had failed to provide timely consent to the removal notice. Not until March 7, 2003, long after the expiration of the removal period, did TC file a notice of consent to removal.

## II.

■■■ Analysis of this case properly begins with the statutory language of 28 U.S.C. § 1446(a) and (b), which require a "defendant or defendants" to file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading. . . ." *See* 28 U.S.C. § 1446(a) and (b).[1] Courts have uniformly construed this statutory language as requiring *all* defendants, who may properly do so, to join in or otherwise consent to the removal notice.[2] While there are certain recognized exceptions to this rule, none are applicable here.[3] Moreover, while all defendants

1. In cases involving multiple defendants, the traditional view is that a removal notice must be filed within thirty days of service on the first-served defendant. *See Getty Oil Corporation v. Insurance Co. of North America,* 841 F.2d 1254, 1263 (5th Cir.1988); 16 *Moore's Federal Practice,* § 107.30[3][a] (3d ed.1999). The rationale behind this rule is to promote unanimity, because all defendants must join the removal petition within thirty days of the day the first defendant is served. *See id.,* 841 F.2d at 1262–63. Defendants who are served subsequent to removal have the right to move to remand the case. *See* 28 U.S.C. § 1448.

   However, some courts, including the Fourth Circuit, have noted that this rule "could lead to 'inequity.'" *See McKinney v. Board of Trustees of Mayland Community College,* 955 F.2d 924, 926–27 (4th Cir.1992). The Fourth Circuit explained that a crafty plaintiff could easily overcome a defendant's right of removal by "maneuver[ing] to serve defendant B late on the thirtieth day. Obviously B is unlikely to rush to the courthouse door before it closes to file his joinder of A's removal petition; he is unlikely to even realize what is happening to him before it is too late." *Id.,* 955 F.2d at 928 (quoting *McKinney v. Board of Trustees of Mayland Community College,* 713 F.Supp. 185, 189 (W.D.N.C. 1989)). Thus, the rule in this circuit is that "individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition." *Id.,* 955 F.2d at 928. This point is not implicated in this case.

2. *See Wilkins v. Correctional Medical System,* 931 F.2d 888, 1991 WL 68791 *2 n. 2 (4th Cir.1991) (Table); *Gillis v. Louisiana,* 294 F.3d 755, 759 (5th Cir.2002); *Getty Oil,* 841 F.2d at 1261 n. 9; *P.P. Farmers' Elevator Co.*

v. *Farmers Elevator Mutual Ins.,* 395 F.2d 546, 547 (7th Cir.1968); *Bradley v. Maryland Casualty Co.,* 382 F.2d 415, 419 (8th Cir.1967) (citations omitted); *Nat'l Union Fire Insurance Company of Pittsburgh, Pa. v. Louth,* 40 F.Supp.2d 776, 782 (W.D.Va.1999); *Creekmore v. Food Lion, Inc.,* 797 F.Supp. 505, 508 (E.D.Va.1992); *Adams v. Aero Services Int'l,* 657 F.Supp. 519, 521 (E.D.Va.1987); *Aguiar v. Evans,* 607 F.Supp. 1418, 1419 (E.D.Va. 1985); *Nathe v. Pottenberg,* 931 F.Supp. 822, 824–25 (M.D.Fla.1995); *Landman v. Borough of Bristol,* 896 F.Supp. 406, 409 (E.D.Pa. 1995); *Mayers v. Connell,* 651 F.Supp. 273, 274–75 (M.D.La.1986); *Courtney v. Benedetto,* 627 F.Supp. 523, 525 (M.D.La.1986); *Brooks v. Rosiere,* 585 F.Supp. 351, 352–54 (E.D.La. 1984); *A.E. Staley Manufacturing Co. v. Fischback & Moore, Inc.,* 353 F.Supp. 578, 581 (E.D.Pa.1973); *Crawford v. Fargo Manufacturing Co.,* 341 F.Supp. 762, 763 (M.D.Fla. 1972); *Manis v. North American Rockwell Corp.,* 329 F.Supp. 1077, 1078 (C.D.Cal.1971).

3. A defendant need not join a removal notice if: "(1) it had not been served with process at the time the removal petition was filed; (2) it is merely a nominal or formal party defendant; or (3) the removed claim is independent of one or more nonremovable claims against the non-joining defendants." *Creekmore,* 797 F.Supp., at 508; *see, e.g. Perpetual Building and Loan Association v. Series Directors of Equitable Building and Loan Association, Series No. 52,* 217 F.2d 1, 6 (4th Cir. 1954) (affirming the district court's decision to remove based on an amended removal petition that included all but one defendant, who was fictitious); *Bradley,* 382 F.2d at 419 (holding that the failure of two defendants to

must join in the removal, this well-established "rule of unanimity" does not require that each defendant sign the same removal notice. Instead, all that is required is "that each defendant file a notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty-day period." *See Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 508 (E.D.Va.1992) (citing *Wilkins v. Correctional Medical System*, 931 F.2d 888, 1991 WL 68791 *2 n. 2 (4th Cir.1991) (Table)). Finally, courts unanimously agree that removal statutes must be strictly construed, in deference to federalism concerns. *See Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir.1994); *Louth*, 40 F.Supp.2d at 782 (noting that "[f]ederal courts are courts of limited jurisdiction, which should not be imprudently extended to cover claims within the traditional purview of state courts"). Accordingly, the failure of all served defendants to join in or consent to a removal petition within the thirty day period "is sufficient to render removal improper and to require remand." *Adams*, 657 F.Supp. at 521; *Louth*, 40 F.Supp.2d at 783 (holding that the "lack of consent by all defendants presents a failing that cannot be easily excused under [the Fourth Circuit's] strict construction" of removal statutes).[4]

■ TC's filing of its notice of consent on March 7, 2003 is clearly not within the thirty-day statutory period and is accordingly insufficient to constitute consent to removal under the requirements of 28 U.S.C. § 1446. *See supra* note 4. To hold otherwise would run counter to the principle of strict construction of removal statutes, and effectively negate the mandatory requirements of 28 U.S.C. § 1446.

■ TC further argues that the filing of its answer on February 4, 2003, within the thirty day removal time period, is sufficient to constitute consent to the removal petition. This argument also fails. The Fourth Circuit, consistent with the strict

---

join in a removal petition did not require remand because the two defendants were "no more than nominal parties [whose]...presence...has no controlling significance for removal purposes").

Moreover, special rules govern when the United States is a party. Under 28 U.S.C. § 1444, any action brought under 28 U.S.C. § 2410 against the United States in state court may be removed to federal court; 28 U.S.C. § 2410 sets forth procedures governing actions affecting property on which the United States has a lien. *See* 28 U.S.C. § 1444. Further, under a special removal statute, the Resolution Trust Corporation ("RTC"), acting as plaintiff, may remove actions to federal court. *See* 16 *Moore's Federal Practice*, § 107.11[2] (3d ed.1999) (citing 12 U.S.C. § 1441a). This situation may arise when, for example, the RTC is served with a counterclaim that contains a federal claim. *See id.*, at § 107.15[6][a]. Further, some courts have permitted the RTC and the Federal Deposit Insurance Corporation to remove at any stage in the litigation before the judgment become final, even when the case is on appeal, as long as the state appellate proceedings have not been exhausted. *See id.*, at §§ 107.15[6][b] and 107.15[7][b].

4. *See also Wilkins v. Rogers*, 581 F.2d 399, 403 (4th Cir.1978) (holding that the invocation of 28 U.S.C. § 1447(c) [providing the procedure for a motion to remand a case] is proper where the district court finds that the petition for removal was not timely filed"); *Aguiar*, 607 F.Supp. at 1419; *Nathe*, 931 F.Supp. at 824–25; *Landman*, 896 F.Supp. at 409; *Mayers*, 651 F.Supp. at 274–75; *Courtney*, 627 F.Supp. at 525; *Brooks v. Rosiere*, 585 F.Supp. at 352–54; *Crawford*, 341 F.Supp. at 763; *Manis*, 329 F.Supp. at 1078. *But see Getty Oil*, 841 F.2d at 1263 n. 12 (noting that "[e]xceptional circumstances" might permit removal even when there is untimely consent); Wright, Miller, & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3739 (commenting that the "preferable result seems to be to continue to allow procedural defects in the removal procedure to be cured so the removed action can remain in federal court," and that "a contrary conclusion...seems too technical").

construction of removal statutes, has held that "all defendants must *affirmatively and unambiguously* assert their desire to remove the case to federal court." *See Creekmore,* 797 F.Supp. at 509 (citing *Wilkins,* 1991 WL 68791, *2 n. 2).[5] An answer that is wholly silent on removal, as here, falls far short of this standard and many courts have so held.[6] As one district court explained, the .filing of an answer is an "ambiguous act" that is not necessarily consistent with consent to removal. *See Landman v. Borough of Bristol,* 896 F.Supp. 406, 408–09 (E.D.Pa.1995). As that court explained, the mere filing of an answer that is silent on the subject of removal might well have been filed for a variety of reasons unrelated to removal, including a desire to avoid default or to expedite the case. *See id.,* 896 F.Supp. at 409. In that court's words, "with different possible motives, a party's filing of an answer does not satisfy the unambiguous expression of consent required for proper removal." *Id.* Indeed, a non-removing defendant might even be unaware of removal at the time that defendant files an answer. Under Rule 12(a)(1)(A), Fed.R.Civ.P., a party has twenty days in which to file an answer, while § 1446(b) allows a party thirty days in which to file its consent to removal. *See id.* Thus, a defendant may, for example, file an answer the day after it is served, and subsequently, but still within the thirty day period, decide not to consent to the removal. Under plaintiff's reasoning, defendant's filing of an answer should be deemed a "waiver" of its right to

**5.** Thus, for example, one defendant may not speak for another in a removal petition. In *Creekmore v. Food Lion,* the district court held as deficient a removal petition signed by one defendant and containing assertions that counsel for the remaining two defendants consent to the removal on their behalf. 797 F.Supp. at 508. That court held 28 U.S.C. § 1446 requires "all defendants, individually, or through their counsel, to voice their consent before the court, not through another party's attorney." *Id.,* 797 F.Supp. at 509. The court also noted that the failure of the two non-consenting defendants to "voice consent affirmatively and unambiguously thus prevented this court from determining whether all defendants actually consented to removal." *Id.; see also Landman,* 896 F.Supp. 406, 408 (holding that "statements made in a removal petition concerning a co-defendant's position on removal are inappropriate without some form of filing by the co-defendant").

**6.** *See Production Systems, Inc. v. Amerisure Insurance Co.,* 2002 WL 737780 (M.D.N.C. 2002) (holding that an answer that does not expressly consent to removal is insufficient to demonstrate consent); *Premier Holidays International, Inc. v. Actrade Capital, Inc.,* 105 F.Supp.2d 1336, 1339 (N.D.Ga.2000) (holding that an answer "silent on whether the defendant consents to the removal does not constitute proper consent"); *Williams v. Howard University,* 984 F.Supp. 27, 30 n. 4 (D.D.C. 1997) (holding that "the mere filing of a pleading or motion in federal court is insufficient to demonstrate an unambiguous consent to removal"); *Landman,* 896 F.Supp. at 408–09 (holding "[b]ecause courts strictly construe the removal statutes, the parties must meticulously comply with the requirements of the statute to avoid remand. The filing an answer is an ambiguous act in that regard."). *But see Gonzalez v. American Home Products Corp.,* 223 F.Supp.2d 803, 806 n. 1 (S.D.Tex. 2002) (holding that a defendant's answer constituted consent to removal because the answer was filed with two other defendants that had already consented to removal and the answer itself stated that "jurisdiction over this matter is properly in federal court"); *Glover v. W.R. Grace & Co., Inc.,* 773 F.Supp. 964, 965 (E.D.Tex.1991) (holding that the court declined to "elevate form over function" and allowed defendant's four-day late answer to constitute adequate manifestation of consent to removal); *Hernandez v. Six Flags Magic Mountain, Inc.,* 688 F.Supp. 560, 561–62 (C.D.Cal.1988) (holding that remand was unwarranted when a defendant's notice of removal was filed one day late because that defendant had also filed an answer within the thirty day period, had made a good faith error in filing the untimely removal petition, and plaintiffs asserted no prejudice from the one day delay).

decline consent to the removal. That an answer, silent on the issue of removal, should be given conclusory weight over an explicit notice of non-consent reveals the weakness in plaintiff's argument. Accordingly, because TC's answer was not an "affirmative...and unambiguous" manifestation of consent, as required by a strict construction of 28 U.S.C. § 1446, remand is required.

■ Finally, plaintiff's contention that a forum selection clause contained in its agreement with NLU mandates remand is unpersuasive because that clause clearly provides for venue and jurisdiction in both "the state court located in Fairfax County, Virginia or the federal court now located in Alexandria, Virginia." Plaintiff's argument might have some force had the forum selection clause provided exclusive venue in the Circuit Court of Fairfax County. *See generally* 16 *Moore's Federal Practice,* § 107.18[1][a] (3d ed.1999).

For these reasons, this matter will be remanded to the Circuit Court of Fairfax County.

An appropriate Order will issue.